PAULINE SCHNATTERER, PLAINTIFF IN ERROR, v. LOUIS BAMBERGER, FELIX FULD AND LOUIS M. FRANK, PARTNERS TRADING AS L. BAMBERGER & CO., DEFENDANTS IN ERROR.

Argued November 22, 1910—Decided March 6, 1911.

1. The defendant kept a department store in which was a stairway connecting the first floor with the basement, for the use of its customers. The plaintiff testified that in treading on one of the steps in going down the stairway the heel of her shoe caught in a brass nosing (originally attached to the edge of the wooden step to prevent its wear) which was loose, but was not then noticed by her, causing her to trip and fall down stairs, and it was *held*, that when the plaintiff rested her case the evidence failed to show the storekeeper had been guilty of any want of reasonable care in keeping the stairway safe for her use, for the reason it had not appeared that the defect which she said ·had caused her to trip and fall had (*a*) in fact been brought to the notice of the storekeeper before the accident, or (*b*) had existed for such a length of time as to charge the storekeeper with notice thereof. In the absence of proof of one of these conditions a *prima facie* case that defendant had been guilty of negligence was not established.

2. The defendant was not an insurer against accidents, and its duty to the plaintiff was satisfied when it had used *reasonable care* to maintain its store passages in a condition safe for her proper use.

3. The question of what shall suffice to constitute the reasonable period of time within which the failure of the· storekeeper to make proper inspection of his floors and stairways in order to discover and remedy dangerous defects in them, before he is chargeable with responsibility for accidents of the present nature, is one, which in cases where the facts are undisputed, and different inferences cannot reasonably be drawn from the same facts, is for the court, and not for the jury, to determine.

On error to the Supreme Court.

For the plaintiff in error, *Abner Kalisch* and *Samuel Kalisch, Jr.*

For the defendant in error, *Edward M. Colie.*

The opinion of the court was delivered by

VREDENBURGH, J. Between the hours of eight and nine o'clock of Saturday night, April 24th, 1909, the plaintiff, while shopping with a lady companion in the defendant's large department store in Newark, New Jersey, and proceeding down the stair or passage way leading from the first floor to the basement, stepped upon the third step from the top of the stair, tripped and fell down the stairway, sustaining the injury for which she has brought suit.

The plaintiff claims her fall was caused by a loosened brass edging or nosing originally fastened by screws to the outer edge of the step for the protection of the wood from wear, and was, as the testimony of the plaintiff's brother (who saw it on the Monday following the accident) states, about one-quarter of an inch in thickness, by about one inch in width.

The precise negligence imputed by the plaintiff to the defendant is not, that it had, originally, improperly constructed this metal strip upon the step, but that, since its construction, the company had suffered it to become loosened from the step and raised to an extent sufficient to catch the heel of her shoe as she trod upon the step. In her testimony she thus particularizes the accident: That when she went down the stairs she did not, either before or at the time of her fall, notice the brass was loosened, but that when she and her companion returned upstairs, about a half hour later, she examined the step and found—to use her words, "This brass they had on the edge was loose on it, and it was kind of raised and my heel caught in it;" that the nosing piece was about one-eighth of an inch away from the step and about the same distance above the level of it. Her companion (Miss Ingram) also testified that they went down stairs together, and she did not then notice what caused plaintiff's fall, but that when they came back upstairs she noticed the brass was loose.

No witness says that this condition existed prior to the time of the occurrence of the accident, nor was there any evidence that the step was in prior disrepair in any respect.

The brief of the plaintiff in error concedes the fact to be, as the evidence also shows, that "this stairway was used every

day by a large concourse of people." Doubtlessly, the shoes upon the feet of countless numbers of persons were continually subjecting the brass nosing to wear and tear, and, of necessity at *some* time during such wear, a weakening of its fastenings to the step would occur before they became loosened. In the present instance, for aught that appears to the contrary, it may readily have happened that the act of the plaintiff in placing her weight upon the metal nosing was the first force to produce this loosened condition; but if not, the accident is no proof that the nosing piece had been in the condition testified to at a period so long before the accident as to charge the defendant with notice of it. There is nothing in the evidence to justify the inference that the company had, at any time before the accident, either knowledge or notice of such defect. Nor was there any proof that it had failed or neglected to make proper inspection of the stairway in order to discover and remedy any defect. While the rule of law is undoubted that in such cases the defendant company owes the duty to its customers to exercise reasonable care to keep its store in a safe condition for the use of its customers, and if the latter be injured in consequence of the defendant's failure to perform that duty, it is responsible for the consequences, yet what, under the undisputed circumstances, *constituted* the exercise of reasonable care by the owner of the premises, was the pivotal question to be solved in this case by the trial court upon the motion to nonsuit.

When the plaintiff rested her case it had not appeared that the defendant company had been guilty of any want of reasonable care in the keeping of its store safe for her use, for the reason that she had failed to show that the defective condition of the brass edging which she said existed on the night of the accident of April 24th had either (*a*) been in fact brought to the previous notice of the defendant, or, failing in proof of such actual notice, that (*b*) the defect had existed for such space of time before that occurrence as would have afforded the company sufficient opportunity to make proper inspection of its stairways to ascertain their condition as to safety, and to repair their defects. In the absence of proof

of either, the legal *presumption* is that defendant had used reasonable care.

It need hardly be added that the company was not an insurer of the safety of its customers against accidents happening to them while walking or running up and down its stairways in its store. Its duty to the plaintiff was satisfied when it used *reasonable care* to maintain them in a condition safe for her proper use.

The following decisions, rendered in this state in actions between landlord and tenant in which the tenant brought suit against his landlord for injuries arising from the failure of the latter to keep in safe repair the rented premises, involve principles analogous to those where the relative rights and duties of customer and storekeeper are at stake, and will be found to sustain the rules just declared. *Johnson* v. *Brewing Co.*, 46 *Vroom* 282; *Timlan* v. *Dilworth*, 47 *Id.* 568; *Frank* v. *Conradi*, 21 *Id.* 23.

In *DeMateo* v. *Perano*, 51 *Vroom* 437, evidence of the previous *knowledge* of the landlord of the defective condition of the roof leader in question, was deemed, in the opinion of this court, to be an element essential to carry the case to the jury.

In *Timlan* v. *Dilworth, supra,* the action was by the tenant against her landlord for the latter's negligence in not repairing a dumb-waiter which fell and injured the tenant, and this court held that the landlord's failure to make an inspection for the purposes of discovery and remedy of the apparatus in question, in the brief interim between the taking of title and the occurrence of the accident, was not a failure to make an inspection within a reasonable time, and that to leave this question to the jury was error.

This case also holds that when the facts are undisputed and different inferences cannot reasonably be drawn from the same facts, what is a reasonable time for inspection is a question for the court, not for the jury.

The following cases, decided in other jurisdictions, will be found to be pertinent: *Joshua* v. *Breithaupt*, 90 *N. Y. Sup.* 1053; *McCabe* v. *Kastens*, 32 *Id.* 249; *Henkel* v. *Murr*, 31 *Hun* 28, and *Idel* v. *Mitchell*, 158 *N. Y.* 134.

In *Toland* v. *Paine Furniture Co.*, 175 *Mass.* 476, the plaintiff was injured by falling down stairs in defendant's store, and the insistment under the evidence was that a mat at the top of the stairs, which was curled up at the end, caused her to trip and fall. The court held that the plaintiff had not sustained the burden of showing that the defect, if there was one, had existed so long before the accident that the defendant, in the exercise of reasonable care, ought to have known of it and remedied it.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 14.

*For reversal*—None.