ANNA KALB, PLAINTIFF-APPELLANT, v. MORRIS FISHER, DEFENDANT-RESPONDENT.

Submitted May term, 1927—Decided November 15, 1927.

**Negligence—Injury to Customer of a Grocery Store Through a Fall—Nonsuit on Ground That Negligence Had Not Been Shown—Held, That There was Evidence of Negligence in Allowing Vegetable Refuse to Habitually Litter the Sidewalk When the Injury Occurred—Judgment Reversed.**

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Silberman & Grosman.*

For the respondent, *Nathan H. Berger.*

PER CURIAM.

This is the plaintiff's appeal from a judgment of nonsuit in the Essex Circuit Court. The ground of appeal is that the court erroneously granted a nonsuit.

The case made by the plaintiff was that on April 23d, 1925, she entered the defendant's grocery and vegetable store at 298 Belmont avenue, Newark, to make some purchases. As she was leaving the store at the stoop, leading from the store to the sidewalk, she slipped, fell and struck her right knee on a lettuce box and received injuries for which the present action was brought.

The nonsuit was granted by the learned trial judge apparently on the ground that no negligence was shown. We think this conclusion cannot be justified under the evidence. The proofs showed that the sidewalk in front of the defendant's store was habitually littered with lettuce and other vegetable refuse and that the defendant was on a number of occasions notified by the street cleaners and city inspectors

to abate the condition, which the defendant, though promising to comply, would refuse to do. There was proof that the plaintiff stepped on some of the lettuce leaves that were allowed to collect and that she received the injuries in consequence.

Respondent relies upon the case of *Taylor* v. *Roth & Co.,* 4 *N. J. Adv. R.* 974. That case, however, is not authority in the present situation. Plaintiff in that case sought to invoke the doctrine of *res ipsa loquitur*. The court held that the doctrine was not applicable, and that inasmuch as the plaintiff had not proved that she had fallen on any slippery substance placed on the floor by the defendant, no negligence was established, and that a nonsuit was proper. In the present case there is proof not only that the plaintiff fell upon the lettuce leaves allowed to collect on the sidewalk by the defendant, but that this was a condition of long standing of which the defendant had both actual and constructive notice.

The judgment is reversed and a *venire de novo* awarded.