"The plaintiff, a business visitor, recovered a verdict in an action tried before the court without a jury. The injuries complained of were sustained as the result of a fall in defendant's store due to slipping on a spinach leaf or pea pod. Several witnesses testified, over objection, that on prior and subsequent occasions they had observed vegetable matter, such as spinach, grape skins, beans and lettuce upon the floor. When a sidewalk in front of a store was habitually littered with vegetable refuse and the street cleaning department had protested to the owner, a nonsuit in an action brought by a *Page 242 
business visitor was not proper. Kalb v. Fisher, 5 N.J. Mis.R. 977; 139 Atl. Rep. 237; affirmed, 105 N.J.L. 491. However, a proprietor of a store is not an insurer but is merely liable for defects of which he knows, or defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy.Schnatterer v. Bamberger Co., 81 N.J.L. 558; Taylor v.Roth Co., 102 Id. 702; Bodine v. Goerke Co., Ibid. 642.
"Evidence is admissible of disrepair before and after an accident (Alcott v. Public Service Corp., 78 N.J.L. 482), and also evidence of similar accidental injuries where it is sought to show disrepair and not structural defect. Crouse v.Stacy-Trent Co., 110 Id. 124.
"Testimony showing the habitual presence of vegetable refuse upon the floor of the store would be admissible. Kalb v.Fisher, supra. But mere isolated incidents of vegetable refuse upon a food store floor seems to us probative of nothing. There was no testimony on behalf of the plaintiff as to the length of time the piece of vegetable matter upon which plaintiff alleges she slipped was permitted to remain on the floor.
"The defendant, however, affirmatively showed that there were five daily sweepings of the premises, and that care was taken to remove refuse which might have fallen on the floor.
"The only testimony in the case is that of defendant's cashier that she had seen a customer throw on the floor the very pod on which plaintiff fell, `a minute' before the accident. This testimony does not justify the verdict. A cashier cannot leave the cage where the money is kept, in order to pick up after a careless customer.
"The only allegation in the complaint charging negligence, in substance, is `the negligence of the defendant consisted of its failure to discharge the duty it owed to plaintiff to keep said premises reasonably fit for passage of the plaintiff.'
"As above stated, the rule is that, `it must appear that the condition which produced the fall had either been, in fact, brought to the previous notice of the defendant, or, failing in proof of said actual notice, that the condition had existed *Page 243 
for such a space of time as would have afforded the defendant sufficient opportunity to make proper inspection as to the safety of the place.' Rom v. Huber, 94 N.J.L. 258, affirming the Supreme Court, whose opinion is reported in 93 Id. 360.
"The facts in this case are not in dispute, nor can different inferences be drawn therefrom. No inference of negligence can reasonably be drawn from such facts. It, therefore, became a question for the court and not for the jury to determine.Schnatterer v. Bamberger Co., supra.
"The judgment is reversed."
The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by the Supreme Court.
For affirmance — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.
For reversal — None.