**SCHEPS v. LA ROSE et ux.**

**No. 10117.**

Court of Civil Appeals of Texas. Galveston.

Nov. 8, 1935.

King, Wood & Morrow and Newton Gresham, all of Houston, for appellant.

Boyles & Atkinson, Russell Scott, and Frank G. Dyer, all of Houston, for appellees.

LANE, Justice.

On the 13th day of June, 1931, Benjamin Scheps was operating a store in the City of Houston. On said date Mrs. Sidney LaRose, wife of Sidney LaRose, was in the store as a customer of said Scheps and at such time she was in the store as a business guest. There was in the store building a stairway leading from the first floor to the second floor. Mrs. LaRose walked up said stairway to observe certain millinery which Scheps had for sale. The stairway from side to side was about five feet wide. The distance of each step to the one next above was about seven inches, and the treads were about ten inches in width. Down the center of the stairway there was a carpet about twenty-seven inches wide, which left about sixteen inches of uncovered space on each side of the carpet mentioned. After having gone to the second floor, as above stated, Mrs. La-Rose started her descent from the same by way of the stairway to the lower floor, and while doing so she fell and by such fall she suffered certain personal injuries. The facts above stated were undisputed.

Sidney LaRose and wife brought this suit against Benjamin Scheps to recover for the personal injuries suffered by her as a result of the fall above mentioned, which they alleged to be $10,000, and for doctor's medical, and hospital expenses, incurred by them by reason of such injuries, amounting to a total sum of $669.35.

Plaintiffs alleged there was placed under the carpet on the stairway carpet-padding in such manner as to cause ridges in the carpet; that the carpet was loose, yielding, movable, and badly worn.

They further alleged that the fall of Mrs. LaRose and the resulting injuries and damages to her were proximately caused by the negligence of defendant Scheps in the following particulars:

"(1) In that on the occasion in question defendant was negligent in maintaining the stairs above described with a carpet thereon which was yielding and movable.

"(2) In that on the occasion in question, the defendant was negligent in maintaining the stairs described above with a carpet thereon having a ridge on each step.

"(3) In that on the occasion in question, defendant was negligent in maintaining the stairs above described with a carpet or runner thereon which was uneven.

"(4) In that on the occasion in question defendant was negligent in maintaining the stairs above described with a carpet thereon having a ridge and depression in same where persons using said carpet would reasonably walk on same.

"(5) In that on the occasion in question, defendant failed to exercise ordinary care to have the stairs above described in a reasonably safe condition for his customers or business guests whom he invited to use the same.

"(6) In that at the time in question, the defendant was negligent in having the carpet or runner upon the steps in his store with a carpet padding thereunder which caused said carpet to be yielding and movable, rather than stationary.

"(7) In that on the occasion in question, defendant was negligent in having the carpet padding under said carpet so placed that it was not as wide as said carpet; and thereby caused a ridge or unevenness on either side of said carpet.

"(8) In that at the time in question, the defendant was negligent in having the carpet padding under said carpet so placed that it did not cover the entire tread of the step, but left uncovered a space of approximately four inches on the tread of said steps, which caused a ridge or unevenness to exist in said carpet.

"(9) In that on the occasion in question, the defendant was negligent in having a carpet or runner down the center of said steps without having the entire steps covered with carpet, which condition caused persons using the steps to walk upon the carpet, and thereby the protecting rail on one side of the steps was situated out of the reach of the persons so using the steps

and said rail, therefore, afforded no protection to the party or parties using said steps.

"(10) In that on the occasion in question, the defendant was negligent in having the steps with a riser that was too high for the safety of persons using said steps.

"(11) In that on the occasion in question, the defendant was negligent in having steps with a tread that was too narrow for the safety of persons using said steps.

"(12) In that on the occasion in question, the defendant was negligent in allowing the carpet or runner upon said steps to become loosened or unsecured, so that the same was moved or slipped when stepped upon."

Defendant answered by general demurrer, a general denial, and plea of contributory negligence on the part of Mrs. LaRose.

The case was tried before a jury upon twenty-three special issues, in answer to which they found:

That the carpet was not loose.

The carpet was "yielding," and such condition constituted negligence on appellant's part and was a proximate cause of appellee's injuries.

The carpet did not have a ridge on each step.

The carpet or runner was uneven, but such condition did not constitute negligence on appellant's part.

The appellant was not negligent in not having the entire tread of the steps covered by the carpet or runner.

The banister or rail of the stairway was not situated out of the reach of persons walking on the carpet.

The accident was not unavoidable.

The jury also found that Mrs. LaRose was not guilty of any act contributing to her fall and injuries, as alleged by defendant.

The jury also found, in answer to special issue No. 23, that $5,000, if paid in cash, would be a fair and adequate compensation for the injuries proven to have been received by the plaintiffs on the occasion in question.

At the close of the evidence, defendant by motion asked for judgment in his favor, and, after the return of the verdict of the jury, he again asked for judgment in his favor notwithstanding such verdict, both of which motions were refused.

The court upon the verdict of the jury rendered judgment for plaintiffs against defendant for the sum of $5,000 and costs of suit. From such judgment, defendant, Scheps, has appealed.

As already shown, the jury found in answer to special issues 3a, 3b, and 3c that at the time Mrs. LaRose fell and was injured, appellant, Scheps, was maintaining a carpet on the stairway in question which was yielding, and that such maintenance was negligence and a proximate cause of Mrs. LaRose's injuries. Such finding was the only finding of negligence by the jury. Indeed, the jury acquitted Scheps of all other acts of negligence charged against him by appellees.

For reversal of the judgment against him and for the rendition of a judgment in his favor, appellant contends that the finding of the jury above stated furnished no basis for the judgment rendered, and that the evidence adduced was insufficient upon which to base any such judgment; wherefore, the trial court should have disregarded the findings of the jury in answer to special issues No. 5, 3a, 3b, and 3c, and should have granted appellant's motion for the rendition of a judgment in his favor, notwithstanding the verdict of the jury.

Appellant says further that the judgment should be reversed and judgment be rendered by this court for him, in that it was neither pleaded nor proven that he knew that the carpet in question was yielding to such an extent as to be in any manner dangerous to one using the stairway as an exit from the second floor of the building to the lower floor, nor was there either pleading or proof that there was any yielding of the carpet in question different from the yielding of carpets generally, which had existed for a length of time as that appellant in the exercise of ordinary care should have known of such dangerous yielding of the carpet, if any.

We are of opinion that in the absence of necessary allegations of the plaintiffs, as pointed out by appellant, and because of the failure of any proof on the points mentioned, the trial court erred in not having granted appellant's motion for an instructed verdict for appellant at the close of the evidence, and that the court also erred in not having granted appellant's second motion for judgment in favor of appellant notwithstanding the verdict of the jury.

Appellant's witness W. F. Davis qualified as an expert carpet man, having been with Stowers Furniture Company for about six and a half years at the time of the trial, as supervisor of the work of Stowers' floor covering department. He testified that he supervised the laying of the carpet in question when it was laid in 1929, which was about two years or so before the accident in question. He testified further that he had examined the carpet several days before the trial. He testified further as follows: "That it was laid right, and it was laid absolutely like we lay all of them, and we are still laying them that way. We are laying them in the best of homes and office places, and the carpet was in perfect condition and accepted so by Mr. Scheps, the firm, and as far as I can say, and I believe I can tell as well as anybody, it is still in good shape except the nap of the carpet might be worn a little, but it is not to such an extent that there is any hazard connected with the steps."

Continuing, he said that the rug or carpet was put down so as to afford those who might use it the safest use possible to walk up and down those steps; that it was the best known way to lay a carpet.

Plaintiff Mrs. LaRose was asked the following question, "When you stepped on it your foot would sink in?" to which she replied: "Not so much; just like any other carpet, I imagine."

There was no evidence introduced of any kind whatsoever that appellant knew at any time of any defect of any kind in the steps or carpet or padding thereunder, nor does the record contain any evidence as to how long any such defect had existed, if it did exist. Appellees' petition upon which the case was tried contained no allegation of any kind that appellant knew of any defective condition of the stairway or the carpet or that such condition, if it did exist, had existed for such length of time as to put appellant on notice thereof.

Before appellees are entitled to a recovery for the defective condition of the carpet, if any, of which complaint is made, it must be shown that appellant knew of such defect, or that it was such as by the exercise of ordinary care should have been known to appellant. Neither requisite was shown to exist in the present case. 45 Corpus Juris page 837; 20 R.C.L. pp. 56, 57; M. N. Bleich & Co. v. Emmett (Tex. Civ.App.) 295 S.W. 223; Great Atlantic

& Pacific Tea Co. v. Logan (Tex.Civ. App.) 33 S.W.(2d) 470; Garland v. Furst Store, 93 N.J.Law, 127, 107 A. 38, 40, 5 A. L.R. 275; Schnatterer v. Bamberger, 81 N. J.Law, 558, 79 A. 324, 325, 34 L.R.A.(N. S.), 1077, Ann.Cas. 1912D, 139.

In 45 Corpus Juris at page 837, it is said: "In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must be known to the owner or occupant or have existed for such length of time that it was the duty of the owner or occupant to know of it."

In the case last cited above, it is said: "In the absence of proof of either, the legal presumption is that defendant had used reasonable care. It need hardly be added that the company was not an insurer of the safety of its customers against accidents happening to them while walking or running up and down its stairways in its store. Its duty to the plaintiff was satisfied when it used reasonable care to maintain them in a condition safe for her proper use."

In Garland v. Furst Store, above cited, it is said: "The rule is that, where liability is made to depend at all upon notice to the defendant, the plaintiff must establish the notice before the defendant is called upon to contest it; in other words, it is not to be presumed."

While it is apparent from what we have said that the judgment of the trial court must be reversed, we do not think this court should render judgment for appellant, for the reason that upon a careful examination of the record we have reached the conclusion that the case was not fully developed, neither by the pleadings nor the evidence. In such circumstances, justice will be best subserved by remanding the cause rather than rendering judgment here, as prayed for by appellant. Under such circumstances, the cause should be remanded for retrial. Moore v. Blackwell (Tex.Civ.App.) 85 S.W.(2d) 980, at page 985; 3 Texas Jurisprudence § 860, page 1232; Associated Oil Co. v. Hart (Tex.Com.App.) 277 S.W. 1043, at page 1045.

For the reasons above pointed out, the judgment is reversed and the cause is remanded for retrial.

Reversed and remanded.