JAMES  J.  COYNE  AND  JANE  COYNE,  PLAINTIFFS-RE-
SPONDENTS,  v.  MUTUAL  GROCERY  COMPANY,  INCOR-
PORATED,  A  BODY  CORPORATE,  DEFENDANT-APPEL-
LANT.

ROBERT  WHITLEY  AND  MARGARET  B.  WHITLEY,  PLAIN-
TIFFS-RESPONDENTS,  v.  MUTUAL  GROCERY  COM-
PANY,  INCORPORATED,  A  BODY  CORPORATE,  DE-
FENDANT-APPELLANT.

Argued May 8, 1935—Decided November 12, 1935.

Before Justices Trenchard, Heher and Perskie.

For the appellant, *John F. Ryan.*

For the respondents, *Joseph I. Bedell* and *Winfield S. Angleman.*

The opinion of the court was delivered by

Heher, J.   These causes were tried together; and the District Court judge, sitting without a jury, rendered judgment in each in favor of the plaintiffs.   The gravamen of each state of demand is a breach of the duty resting upon defendant corporation to maintain its store premises in the city of Plainfield in a reasonably safe condition, in consequence of which, the plaintiffs, Jane Coyne and Margaret B. Whitley, while in the store by invitation, fell and suffered personal injuries.   Specifically, the charge was a dangerous condition resulting from a "foreign substance" upon, and not a structural defect in, the floor of its store premises.

The single question presented is the propriety of the denial of defendant's motion for a nonsuit.   By stipulation, a stenographic transcript of the evidence adduced by plaintiffs has been returned as the state of the case.   It is therefore to be assumed that the evidence offered by defendant did not supply any deficiency in the plaintiffs' proofs.

These are the essential facts and circumstances:   On February 2d, 1933, the plaintiffs, Jane Coyne and Margaret B. Whitley, together journeyed by automobile to defendant's store for the purpose of making food purchases.   They entered the premises, but not together, shortly after four o'clock in the afternoon.   Time and space separated and individualized the accidents which befell them therein.   Mrs. Whitley testified that, "just inside the [entrance] door," her "feet went out from under" her, and she was thrown to the floor.   Mrs. Coyne "slipped" and lost her footing near a fruit stand in the center of the store, but did not suffer a fall.   The

floor at these points was "oily." Mrs. Whitley said she "slipped on a piece of spinach." There was a vegetable counter "two or three feet" from this point; spinach was "heaped up" on it. Her stockings and underwear were "black," and her "clothing was stained with the black oil," from contact with the floor as a result of the fall. Mrs. Coyne likewise "slipped on spinach." She thus described the condition of the floor: "There was quite a little spinach on the floor. It seemed rubbish at that time I seen the spinach, and I looked down and I seen what I fell on." The floor looked "oily. * * * Refuse of vegetables, and the floor rubbish had not been cleaned up or swept." The defendant was conducting a "sale," and the evidence permits of an inference that the attendance was abnormally large.

The rationale of the doctrine of liability in such cases is negligence. The defendant corporation was not an insurer of plaintiffs' safety while they were using its premises pursuant to the invitation concededly extended. It was incumbent upon it to provide a reasonably safe place for its patrons; it was required to exercise ordinary care in fulfilling the obligation to thus safeguard them. Generally, the condition which results in injury must either (a) have been, in fact, brought to the previous notice of the store operator, or, failing proof of actual notice, (b) have existed for so long a time as to be, in the exercise of reasonable care, discoverable and remediable before the occurrence of the injury. In the absence of such proof, the legal presumption of due care obtains. *Schnatterer* v. *Bamberger & Co.*, 81 *N. J. L.* 558; *Bodine* v. *The Goerke Co.*, 102 *Id.* 642; *Taylor* v. *Roth & Co.*, 102 *Id.* 702; *Bader* v. *Great Atlantic and Pacific Tea Co.*, 112 *Id.* 241; *Finnegan* v. *The Goerke Co.*, 106 *Id.* 59; *Rom* v. *Huber*, 93 *Id.* 360; *affirmed*, 94 *Id.* 258; *Garland* v. *Furst Store*, 93 *Id.* 127; *Kalb* v. *Fisher*, 5 *N. J. Mis. R.* 977; *affirmed*, 105 *N. J. L.* 491.

So tested, the plaintiffs here did not sustain the burden of making out a *prima facie* case of tort-feasance. The evidence does not reasonably bear an inference of a breach of the duty resting in the circumstances upon the defendant corporation. The doctrine of *res ipsa loquitur* is not applicable. It may

be invoked only when the thing shown bespeaks defendant's negligence, not merely the happening of the accident. *Garland* v. *Furst Store, supra.*

The proofs do not show that plaintiffs' injuries were in anywise due to the negligence of defendant's servants. Negligence may not be inferred from the mere oiling of the floor. That is not tortious *per se.* And it is not suggested that, either in the nature or quantity of the substance used, or in the manner or time of its application, there was such a departure from the normal or generally accepted standards as to create a hazard of this general character for the users of the premises—a danger within the realm of reasonable prevision, and therefore to be guarded against. Nor was there any evidence tending to show that the vegetable matter in question came upon the floor through the negligence of defendant's servants, or was there for such a period of time as to sustain an inference of negligence under the rule adverted to. The mere presence of such vegetable matter upon the floor obviously does not bespeak the defendant's negligence. It may have been a temporary condition entirely consistent with the exercise of reasonable care; it may have been a chance occurrence for which patrons of defendant corporation were responsible—one not chargeable to the latter under the stated rule. Where liability is made to depend upon notice to the one charged with culpable negligence, evidence tending to establish this essential fact must be adduced before the accused is called upon to contest it. It is not to be presumed. *Garland* v. *Furst Store, supra.*

It results that the denial of the motion to nonsuit constituted reversible error.

Judgment reversed, and a *venire de novo* awarded; costs to abide the event.