EUGENE CURRY, PLAINTIFF-APPELLEE, v. THE DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, DEFENDANT-APPELLANT.

Submitted May 3, 1938—Decided August 6, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Frederick B. Scott* (*John L. Ridley,* of counsel).

For the appellee, *Jacob Friedland* (*Morris G. Fredman,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an accident case. The sole question is whether the evidence is sufficient to sustain the judgment of the District Court of the city of Hoboken based upon a verdict of $250, plus costs, entered by the judge sitting without a jury, in favor of the plaintiff.

The plaintiff was employed by commission brokers for farmers who sent their poultry, on the railroad of defendant, to Brooklyn, New York, for sale. The shipments of poultry were made in railroad cars and unloaded along an unloading platform, constructed of wood planks. This platform was roofed and was about one hundred and fifty feet long by twenty feet wide throughout. The poultry was taken from the cars, immediately placed in chicken coops on the platform and transported to the broker's place of business. The plaintiff's duties consisted of inspecting, repairing and cleaning the coops and maintaining them in condition to receive the poultry. For the past fifteen years of his employment it was the custom for him to clean the coops on the described platform. The chicken manure found in the coops was deposited by him in piles on the platform, and it was the custom of the defendant that its assigned employe clean the platform "not only in the morning but any time it was dirty."

On the day previous to the accident, which happened about eleven-thirty A. M., plaintiff had cleaned approximately ninety to one hundred coops, some of which were clean and some of which contained as much as three pounds of chicken manure, which was deposited by him on the platform. When plaintiff returned to work the next morning, no part of the accumulated chicken manure had been removed. The platform, so far as dirt, manure and water were concerned, was in the same condition as when he left it the previous night. Defendant's platform cleaner had been assigned to another task and had not disposed of the manure as was his wont. While the plaintiff was walking from the place where he was working, to get some materials necessary to carry on his work, he slipped and fell on some manure and water and sustained the injuries for which suit was brought.

At the outset, we mark the fact that this accident occurred in New York. Ordinarily, therefore, the law of that state would apply. *Restatement of the Law of Conflict of Laws,* § 378. Since the New York law was not proved, the District Court judge and counsel for plaintiff agreed that the common law as it prevails in this state would govern the disposition of the cause. This was proper. *Reingold* v. *Reingold,* 115 *N. J. L.* 532; 181 *Atl. Rep.* 153.

Plaintiff's theory of liability is predicated upon the fact that the platform was allegedly not kept in a reasonably safe condition. The sole ground of appeal is that the evidence "clearly showed no negligence on the part of the defendant-appellant."

We think the judgment should be affirmed. The testimony discloses that the defendant's practice of having one of its employes remove the chicken manure from the platform is one of the facilities furnished by defendant to its shippers. It is, of course, true that the condition causing the accident must either have been brought to defendant's notice, or must have existed for so long a time as to be, in the exercise of reasonable care, discoverable and remediable before the occurrence of the injury. *Coyne* v. *Mutual Grocery Co., Inc.,* 116 *N. J. L.* 36; 181 *Atl. Rep.* 314, and cases therein cited. But under the circumstances here exhibited, we are entirely satisfied that these requirements have been met. For defendant always cleaned off the platform and thus knew, or should have known, that its failure to do so would result in a condition which might render the premises unsafe.

Nor do we think that the plaintiff was a mere licensee so as to be owed only the duty of refraining from willful injury. His presence and work upon the platform were in pursuance of a custom that had ripened into an open invitation. It was a service which defendant extended to its customers and their employes, and in addition thereto it helped to facilitate the removal of the freight. It was, therefore, for the mutual benefit of the respective parties. Clearly, plaintiff was an invitee.

Judgment is affirmed, with costs.