11 N.J. Super. 211 (1951)
78 A.2d 105
BETSY RATERING AND HENRY RATERING, PLAINTIFFS-APPELLANTS,
v.
MATTIO MELE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided January 10, 1951.
*212 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Hyman W. Rosenthal argued the cause for the appellants (Messrs. Marcus & Levy and Harry Chashin, attorneys).
Mr. Charles C. Stalter argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment of dismissal entered at the close of the plaintiffs' case.
The defendant operated "Matty's Alpine Inn" located at Haledon, New Jersey. The Inn consisted of a dining room seating approximately 100 people and a bar room seating 18 or 20 people. At the entrance there was a vestibule which *213 contained four steps between its outer and inner doors. On October 23, 1948, there was a customary Saturday night dance at the Inn. At 11 P.M. the plaintiffs, Betsy Ratering and her husband Henry Ratering, in the company of Mr. and Mrs. Kuyper, entered the Inn. There was testimony by Mr. Ratering that at that time the vestibule steps were littered with cigarette butts, matches, cellophane paper, and similar matter. Mrs. Kuyper testified that the steps were dirty and somebody had coughed up something which "was laying on the steps" and which she believed had been stepped on "because it was black."
The plaintiffs and the Kuypers remained at the Inn until about 1:30 A.M. While leaving the premises Mrs. Ratering, after having walked down two of the steps in the vestibule, fell and injured herself. She testified that "There was something was laying, something there that I slipped on it." Her husband testified that at that time the conditions in the vestibule were worse, there being more cigarette butts, matches and paper around. Mrs. Kuyper testified that the steps were "still dirty" and that after her fall Mrs. Ratering's coat and dress were dirty and had to be sent to the cleaner. In a deposition the defendant stated he had swept the premises on Saturday morning, October 23, 1948, and thereafter on Sunday morning and that although he found the inside of the premises littered with papers and cigarette butts the entrance steps were "very clean." The lower court concluded that there was nothing in the plaintiffs' evidence from which it might be inferred that Mrs. Ratering fell as a result of the defendant's negligence and granted his motion for dismissal. See Rules 3:41-2, 3:50.
Although the defendant, as operator of the Inn, was not an insurer of the safety of his patrons, he was admittedly under obligation to provide them with a reasonably safe place, including proper means of egress, and to exercise "ordinary care in fulfilling the obligation to thus safeguard them." Coyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36, 38 (Sup. Ct. 1935). Unlike Cleary v. Meyer Bros., 114 N.J.L. 120 (E. & A. 1935), where there was no testimony as to the cause *214 of the fall, there was evidence in the instant matter from which the jury could infer that the steps were improperly littered with enumerated foreign substances and that Mrs. Ratering slipped on one of them and fell. Her inability to state which of the foreign substances caused her fall would not appear to be significant. The remaining question is whether there was evidence to indicate that the improper condition of the steps had, in sufficient time, been brought to the attention of the defendant or had "existed for so long a time as to be, in the exercise of reasonable care, discoverable and remediable before the occurrence of the injury." See Coyne v. Mutual Grocery Co., Inc., supra; Kalb v. Fisher, 5 N.J. Misc. 977 (Sup. Ct. 1927); affirmed, 105 N.J.L. 491 (E. & A. 1929). Cf. Cooper v. Reinhardt, 91 N.J.L. 402 (Sup. Ct. 1918); Restatement, Torts (1934), § 343, and New Jersey Annotations thereto.
The testimony on plaintiffs' behalf indicated that the vestibule stairs had been dirtied and littered with foreign substances at and prior to 11 P.M.; there was near capacity attendance with patrons going in and out through the vestibule which was the only entrance to the premises; the condition of the stairs had worsened by 1:30 A.M. when the plaintiffs were leaving; the vestibule had not been looked at by the defendant during the interval between the entry and departure of the plaintiffs and the stars had not been swept or cleaned since that Saturday morning. Considering the established time lapse of at least two and a half hours in the light of all of the other pertinent circumstances, we have concluded that the plaintiffs' evidence, together with the inferences which might justifiably be drawn therefrom in their favor (Dobrow v. Hertz, 125 N.J.L. 347, 348 (E. & A. 1940)), presented an issue for the jury's consideration as to whether the improper condition of the stairs had existed for sufficient time to have been discoverable and remediable, in the exercise of reasonable care, before the injury occurred. While they undoubtedly rest upon the particular facts there presented, decisions in other jurisdictions may be noted in which lesser time has been held, under somewhat analogous circumstances, *215 to raise a factual question for determination by the jury. See Langley v. F.W. Woolworth Co., 47 R.I. 165, 131 A. 194 (1925); White v. Mugar, 280 Mass. 73, 181 N.E. 725 (1932); Moore v. American Stores, 169 Md. 541, 182 A. 436 (1936); Stanfill v. Trading Post Co., 106 S.W.2d 952 (Mo. Ct. of App. 1937). Cf. Wheeler v. Deutch, 242 App. Div. 641, 272 N.Y.S. 161 (1934), with Bravado v. Murray, 257 App. Div. 271, 12 N.Y.S.2d 893 (1939); affirmed, 283 N.Y. 619, 28 N.E.2d 29 (1940).
The judgment below is reversed, costs to abide the event of new trial.