14 N.J. Super. 200 (1951)
83 A.2d 334
LENA ZIZI AND PETER ZIZI, PLAINTIFF-APPELLANTS,
v.
GABRIELE D'ANNUNZIO LODGE NO. 22, ORDER OF SONS OF ITALY IN AMERICA AND ORDER SONS OF ITALY SOCIAL CLUB OF PATERSON, N.J., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1951.
Decided May 24, 1951.
*202 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Hyman W. Rosenthal argued the cause for appellants (Messrs. Marcus & Levy, attorneys). Mr. Harry Chashin of counsel.
Mr. Archibald Kreiger argued the cause for respondents (Messrs. Bluestein & Diamond, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff, Lena Zizi, was injured when she fell while descending an interior stairway in defendants' building as a consequence of stepping upon a "slippery" piece of cake which, covered by paper, lay upon one of the steps. She and her husband brought this action which was dismissed upon the trial at the close of their proofs upon the ground that there was no evidence to bring home to defendants the requisite notice of the presence of the cake upon the steps. Plaintiffs appeal.
Defendants are fraternal orders. Their building has several halls and meeting rooms which they rent for meetings and affairs to some 32 organizations affiliated with defendants; defendants, themselves, have lodge and recreation quarters for their members on the third floor of the building. On December 10, 1948, St. Anthony's Society, one of the affiliated organizations, and of which Mrs. Zizi was a member, rented a hall on the second floor for a card party. About *203 175 ladies attended the affair. Most of the ladies left at about 11 o'clock that night, but Mrs. Zizi and members of the committee in charge, about a dozen in number, remained three-quarters of an hour longer. Access to the several halls and meeting rooms and to the third floor was by means of the stairway upon which Mrs. Zizi fell.
Groups which rented the halls frequently served their own refreshments. This practice was known to the building manager, who was in attendance at the building every night and who made the third floor lodge rooms his headquarters. He was there throughout this evening and first came down the stairway at the time Mrs. Zizi fell. On this occasion, as on others when St. Anthony's Society rented one of the halls, the Society served cake, candy, soda and coffee during the evening. The stairway was clean when the ladies arrived about 7 o'clock. Mrs. Zizi and two of the ladies who left with her testified that as they started down the stairway to leave they saw that it was "littered with paper and candy," "cake" and "matches and cigarettes."
It was not charged that the defendants created the condition. The insistence is that the proofs permitted a legitimate inference that those who left the party three-quarters of an hour before Mrs. Zizi's departure were responsible for the litter and that, even though there were no proofs that defendants had actual notice of the condition, a jury could, nevertheless, find that defendants were chargeable with notice of it by reason of its existence for so long a time as to be, in the exercise of reasonable care, discoverable and remediable before the occurrence of the mishap. Ratering v. Mele, 11 N.J. Super. 211 (App. Div. 1951); cf. Oelschlaeger v. Hahne & Co., 2 N.J. 490 (1949); Bader v. Great Atlantic & Pacific Tea Co., 112 N.J.L. 241 (E. & A. 1934). It appears that only the second floor hall and the third floor lodge rooms were in use that night.
If the presence of "slippery" refuse upon the steps was an isolated and unexpected happening on this occasion, *204 we would not be constrained to say that, under the circumstances shown, the time lapse of three-quarters of an hour presented an issue for jury determination on the question of notice; plaintiffs' suit would fail in the absence of actual notice to defendants of this condition and of the continuance of the condition after such notice for such period before the occurrence as to permit an inference of negligence from their failure to correct it. A time lapse of 45 minutes, or perhaps in given situations even a shorter one, may suffice to create a jury question upon the issue of notice when the mishap occurs where it is established, as in a store or restaurant, for example, that the proprietor or his employees are frequently or continuously about the place where the condition exists and thus have greater reason and opportunity to detect and remedy it before injury befalls a patron. See cases cited in Ratering v. Mele, supra. That plainly is not the situation here. In the absence of proofs of circumstances raising a duty to inspect, the presence on this stairway of persons in behalf of the defendant would reasonably be expected at only more infrequent intervals.
The judgment must be reversed, however, because of error by the trial court in denying plaintiffs the opportunity to prove special circumstances which would raise a duty of inspection. Plaintiffs sought to prove that the dangerous condition of slippery refuse was not an isolated occurrence on this stairway but that the condition that night was of a piece with a "pattern" of similar instances which were the frequent, indeed, usual concomitants of affairs conducted in the halls. The trial court excluded such proof. Proof that the presence of hazardous "slippery" refuse matter on the stairway was not a chance occurrence but a repeated condition, concomitant of such affairs, would support an inference that the condition which existed on the night in question was or should have been foreseen by defendants and would make the case one in which a jury could infer knowledge thereof by defendants, with consequent negligence if they failed to take measures reasonably designed to prevent such *205 dangerous conditions to continue. Kalb v. Fisher, 5 N.J. Misc. 977 (Sup. Ct. 1927), affirmed 105 N.J.L. 491 (E. & A. 1929); Great Atlantic & Pacific Tea Co. v. Randolph, 64 F.2d 247 (3d Cir. 1933); Markham v. Fred P. Bell Stores Co., 285 Pa. 378, 132 A. 178 (Sup. Ct. Pa. 1926); Hubbard v. Montgomery Ward & Co., 21 N.W.2d, 229 (Sup. Ct. Minn. 1945). If defendants had reason to foresee that the holding of the affair would bring about such a condition, the jury could reasonably find there was negligence on their part, in light of the proofs supporting the inference that the condition existed for three-quarters of an hour, and the admissions of defendants' manager that, while one or more of the halls was rented virtually every night, no cleaning of the stairway was done at night but that the porter employed to do the cleaning work reported at 8 o'clock each morning and left when he finished, which was always by late afternoon or early evening and before the evening affairs started. Cf. Bader v. Great Atlantic & Pacific Tea Co., supra.
Reversed; costs to abide the event.