NATHAN MEYERS ET UX., PLAINTIFFS IN ERROR, v. EDMUND T. BIRCH, DEFENDANT IN ERROR.

The court is justified in controlling a jury in its verdict, by a binding instruction, only in those cases in which the testimony will not support any other verdict than that which is directed.

On error to the Hudson Circuit Court.

For the plaintiffs in error, *Warren Dixon.*

For the defendant in error, *Erwin & Keller.*

The opinion of the court was delivered by

GUMMERE, J. The writ of error in this case brings up for review a judgment of the Hudson Circuit Court in favor of Birch, the defendant, upon the verdict of a jury directed by the trial court against the plaintiffs. The suit was brought to recover damages for injuries received by Adeline Meyers, one of the plaintiffs, caused by a fall through a grating covering a cellar in front of premises owned by the defendant, in the city of Jersey City, the grating being within the line of the public street.

The premises in question had been leased to one Siebold, and consisted of a store which was divided into two compartments, but which had only a single entrance. One of the compartments was occupied by the tenant Siebold, and the other by Nathan Meyers, the husband of Adeline, to whom it had been sublet.

The case made by the plaintiffs was that the cellar which was covered by the grating did not pass under the lease to Siebold, but remained in the owner of the premises and was occupied by him; that the grating was defective, and that as Mrs. Meyers walked across it in coming from the entrance to the store, it gave way with her and precipitated her into the cellar, thereby inflicting the injuries for which this suit was brought.

The case of the defendant was that there was no defect in the grating, and that even if it was true that the grating was not sound, he was not liable because the cellar over which the grating was had passed with the rest of the premises under the lease held by Siebold, and that it was the duty of the latter, or of the plaintiff Nathan Meyers, who was his subtenant, and not of the defendant, to keep it in repair, because, by the terms of the lease, the lessee was bound to make all repairs which the premises required.

The plaintiffs insist that, in this condition of the case, there was enough to require its submission to the jury, and that the trial court erred in taking it from them.

The rule is well settled that " a jury should be controlled in its verdict by a peremptory instruction only where the testimony is of such a conclusive character as would compel the court, in the exercise of a sound legal discretion, to set aside a verdict if one were returned in opposition to such testimony." *Baldwin* v. *Shannon,* 14 *Vroom* 596 ; *Crue* v. *Caldwell,* 23 *Id.* 215 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Id.* 342 ; *Haines* v. *Merrill Trust Co.,* 27 *Id.* 312. The matter for decision, therefore, is whether this rule was disregarded by the trial court.

It was a disputed fact in the case whether or not the grating was in a defective and unsafe condition. It was also a disputed fact whether the cellar which was covered by it was included in the lease held by Siebold or whether it remained in the possession and occupation of the defendant, its owner. The grating was within the line of the public street, and both the owner and the occupant of the cellar over which it was placed were bound to keep it safe for the use of the public, and each of them was liable for an injury received by a third person caused by its defective and unsafe condition. *Durant* v. *Palmer,* 5 *Dutcher* 544 ; *Houston* v. *Traphagen,* 18 *Vroom* 23. If the defendant was the sole occupant of the cellar as well as its owner, the duty of maintaining the grating in a safe condition for the public, as a part of the highway, rested upon him alone, and if the injuries received by the plaintiff

Adeline Meyers were due to the fact that the grating was out of repair, he was liable to her for those injuries.

The fact that her husband occupied, as sub-tenant, a portion of the premises of which the cellar formed a part, and that it was necessary to cross the grating in going to or coming from the portion occupied by him, is of no importance in determining the liability of the defendant. It is only where the husband himself is partly responsible for the injury of the wife that a recovery against the principal wrongdoer is barred (*Pennsylvania Railroad Co. v. Goodenough*, 26 *Vroom* 577); and unless the husband was in the possession of the cellar, either alone or jointly with the defendant or with Siebold, there was no duty resting upon him to maintain the grating in a safe condition.

An examination of the testimony taken at the trial has satisfied me that if the case had been submitted to the jury, and they had determined that the defendant was not only the owner but was also the sole occupier of the cellar, and that Mrs. Meyers' injuries were due to the defective and unsafe condition of the grating, and had for these reasons rendered a verdict against the defendant, the testimony opposed to such a finding is not so conclusive in its character as to have compelled the court, in the exercise of a sound legal discretion, to set aside that verdict.

Consequently, it was error in the trial court to control the jury in its verdict by a binding instruction, and the judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 14.