DOLORES NERNEY AND JAMES L. NERNEY, HER HUSBAND, APPELLANTS, v. STANLEY-FABIAN CORPORATION AND PARK UNION LUMBER COMPANY, RESPONDENTS.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellants, *Coult, Satz & Tomlinson.*

For the defendant Stanley-Fabian Corporation, *William P. Braun.*

For the defendant Park Union Lumber Company, *King & Vogt.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action in the Supreme Court, Morris county, for damages for an accident to the plaintiff Dolores Nerney, in which her husband joined, claiming damages by reason of expending money for medical treatment for her and being deprived of her services and society. The case was tried before Circuit Court Judge Lawrence and a jury. The jury rendered a verdict in favor of the defendants of no cause of action, upon which judgment was entered, and the plaintiffs appeal to this court. The sole ground of appeal is an alleged error in the refusal by the judge to charge a preferred request by the plaintiffs, as follows:

"The rule is settled that the traveling public have a right to presume that there is no dangerous impediment in any part of the highway, in the absence of notice of the presence of such impediment. This principle applies to all interferences with safety of travel arising from temporary uses of the highway that are not normal and permanent incidents thereof, and it relieves persons passing along the highway from any obligation to look for such interferences with travel."

It was Mrs. Nerney's contention that she had stepped into an open coal hole, which coal hole was maintained by the defendant Stanley-Fabian Company, in a sidewalk which fronted on the premises of that defendant, and that this coal hole had been opened and left unguarded by the servant of the

defendant, Park Union Lumber Company, who had been delivering or was about to deliver a load of coal to the theatre building of the other defendant.

The defendants contended that Mrs. Nerney had been injured in tripping over the coal chute as she attempted to step over it. The question of fact as to the negligence of one or both of the defendants was left to the jury. Both had pleaded contributory negligence and this question was also left to the jury to determine.

Mrs. Nerney herself testified that she did not see the coal hole; did not look for it; was looking for a space to walk; was not interested in the coal wagon or the chute or whatever it may have been; did not anticipate a hole there, did not see any hole, saw what appeared to be a perfectly clear passage to go up the street, did not see the end of the chute before she fell, simply looked ahead to see if there was a space for her to walk and then she walked on it on the sidewalk.

There had been a previous trial of this case (*Nerney* v. *Stanley-Fabian Corp.*, 7 *N. J. Mis. R.* 361), in which the plaintiffs had a verdict and the defendants obtained a rule to show cause, which was made absolute in the Supreme Court, because against the weight of evidence as to contributory negligence; hence, this trial before a traverse jury.

The request to charge was apparently taken from the opinion rendered by Chief Justice Gummere for the Supreme Court in the case of *Reilly* v. *B. S. Janney, Jr., & Co., Inc.*, 103 *N. J. L.* 11, but while the request enunciates and expresses the settled law of the state under certain circumstances, it failed to include the immediately following sentence in the opinion above referred to. This sentence, if included in the request, would have made it entirely proper, since it provided for the very facts in the case at bar, which distinguished it from those upon which the Reilly case was decided. The omitted sentence reads as follows: "If the traveler sees them [impediments] he must, of course, use reasonable care to avoid them but he is not negligent merely because he does not look for them."

Plaintiff's counsel argues that Mrs. Nerney was under no obligation to look for the coal hole but fails to distinguish

between the cases where the traveler had no notice of any obstruction and was under no duty to look for that of which he was unaware, and a case like the one at bar, where the pedestrian had notice of an unusual condition, saw it in fact, and was thereby charged with the duty to exercise reasonable care to avoid injury; and it cannot be denied that reasonable care required visual scrutiny, and yet the plaintiff said she did not look for any hole at the place in question—it was her duty to do so in the circumstances present.

It is pertinent to remark that the Supreme Court in its *per curiam* on the rule to show cause laid down the rule as follows: "We are not unmindful of the line of decisions holding that a person walking along the sidewalk of the public street is not bound as matter of law to look for obstructions in the nature of a nuisance; but in the present case that rule is inapplicable, because the plaintiff herself saw that there was an unusual situation ahead; she saw the coal wagon either discharging or about to discharge coal. She saw the chute leading from the coal wagon down over the sidewalk to within a foot or two of the building, and any reasonable being would necessarily realize that that coal was going some-where, and that there was only one place into which it could go, and that was a hole. Consequently it would seem to have been incumbent on the plaintiff, seeing the situation, to use such care and circumspection as the obvious conditions required."

In the case at bar the trial judge correctly charged the rule of law governing the facts and circumstances in the pending action, including the preferred request so far as applicable to the facts in evidence.

The views above expressed lead to the conclusion that the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.