ANNIE HOWARD ET AL., APPELLANTS, v. LEHIGH VALLEY RAILROAD COMPANY ET AL., RESPONDENTS.

Argued October 21, 1929—Decided May 19, 1930.

For the appellants, *Samuel Tartalsky.*

For the respondents, *Edward A. Markley* and *Charles W. Broadhurst.*

The opinion of the court was delivered by

CAMPBELL, J. These five causes were tried together in the First District Court of Jersey City resulting in judgments in favor of the plaintiffs below.

They all arose out of the same happening in the early morning of September 1st, 1928. Richard Pennell was the driver of an automobile in which the other plaintiffs-appellants were occupants. The car was being driven along a county road in the township of Manville, in Somerset county, and came into contact with a crossing signal device, erected and maintained by the respondents, or one of them, in the center of the highway, at or near its tracks or right of way; in fact there was such a structure in the center of the highway on each side of its tracks, at or near the point where they and its right of way crossed such highway. These structures were not lighted except when a train was approaching the crossing and was within two thousand feet thereof, when and during its continuance in that zone there would be red lights on the structures flashing, alternately.

It appears that permission to erect and maintain these structures was requested from the board of chosen freeholders of Somerset county by the respondents and that such permission was granted. It is insisted that such consent was not granted by proper, formal, action of such board, but with this we think we are not particularly concerned.

At the conclusion of the trial in the District Court motions for direction of judgments in favor of the railroad com-

panies, defendants-respondents, were made and granted. Upon appeal from these judgments the Supreme Court af firmed them upon authority of *Lorentz* v. *Public Service Railway Co.,* 103 *N. J. L.* 104.

This appeal brings before us these judgments of affirmance of the Supreme Court.

It seems most apparent to us that the Supreme Court fell into error in applying the principles of *Lorentz* v. *Public Service Railway Co., supra,* to the case in hand. In that case the structure complained of was authorized by a municipal ordinance for which definite and specific legislative authority existed and it therefore became, as it were, a legalized obstruction in the highway which it was within the power of the legislature to authorize. *W. B. Wood Co.* v. *Balsam,* 100 *N. J. L.* 275; *Denzer* v. *Delaware, Lackawanna and Western Railroad Co.,* 103 *Id.* 95, are in line with such doctrine.

There is, however, another line of cases, holding to the con trary where specific legislative authority to permit the obstruction of highways does not exist. Of such character are *Durant* v. *Palmer,* 29 *N. J. L.* 544; *Opdycke* v. *Public Service Railway Co.,* 78 *Id.* 576, 583, the latter being quite decidedly in point with the cases before us.

Several statutes are cited by respondents as clothing the board of freeholders of Somerset county with specific and exact authority to grant the permission to respondents to legally erect and maintain the structures in question. Our examination of these acts brings us to the conclusion that none of them reaches that point.

We conclude therefore that these actions are controlled by *Opdycke* v. *Public Service Railway Co., supra,* and that the judgments of the Supreme Court and the trial court were founded upon error and must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Campbell, Lloyd, Case, Van Buskirk, McGlennon, Kays, Dear, JJ. 10.