DIEDRICH W. KRELLWITZ, PLAINTIFF-APPELLANT, v. TOWN OF WEST NEW YORK, DEFENDANT-RESPONDENT.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *John H. Kelly*.

For the respondent, *Samuel Nashel*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment entered upon a verdict, directed at Circuit, in an action to recover upon a *quantum meruit* for services performed in valuing second class railroad shore-front property for the purposes of taxation.

The proofs indicate nothing more than that the appellant performed certain services for which he had no specific, or in fact any, contract for payment thereof.

Aside from the fact of performing certain work there appears nothing in the proofs except a report from a committee of the whole to the governing body that the respondent had agreed to perform the services gratis, which services were accepted and subsequently a resolution adopted by the governing body appropriating the sum of $500 to cover respondent's actual expenses specifically provided that it "is not intended to cover the services * * * in the matter of re-valuation but to reimburse him for any expenses that he may have up to the amount of $500."

The appellant argues that the judgment under review should be reversed:

1. Because in directing the verdict the court passed upon controversial proofs.

2. The respondent was not without power to contract for the services performed; and

3. The cause should have been submitted to the jury.

We conclude that all of these grounds are without merit; that the matter was controlled by *Potter* v. *Metuchen*, 108 *N. J. L.* 447, and *Sleight* v. *Board of Education*, 10 *N. J. Mis. R.* 523, and the cases therein cited.

There was, therefore, no error calling for a reversal and the judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.