SIMON GERSON, PLAINTIFF-RESPONDENT, v. METRO-POLITAN LIFE INSURANCE COMPANY, A CORPORA-TION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.

Argued June 1, 1936—Decided October 2, 1936.

For the plaintiff-respondent, *Harry A. Ginsburg* (*Isaac C. Ginsburg,* of counsel).

For the defendant-appellant, *Cassman & Gottlieb* (*Harry Cassman,* of counsel).

The opinion of the court was delivered by

WOLFSKEIL, J. This appeal brings up for review a judgment in favor of the plaintiff against the defendant entered upon the verdict of a jury. The argued grounds of appeal are refusal to nonsuit and admission in evidence of a letter from defendant to plaintiff over objection of the defendant.

Plaintiff sued to recover benefits under a total and permanent disability provision of a life insurance policy and also to recover premiums paid during the period of disability which he claimed should have been waived. The defendant answered, admitting the issuance of the policy but denying all other allegations of the complaint, including the allegation that the plaintiff had notified the defendant that he was totally and permanently disabled. In support of the allega-

tion that he had notified the defendant that he was totally and permanently disabled plaintiff offered in evidence a statement of claim in which was incorporated his attending physicians' certificate. The attending physician answers the twelfth question—"yes," that his patient, the plaintiff here, is wholly unable to engage in any work at the present time and that he has been so disabled since December 1st, 1932. This is dated June 21st, 1933, which is almost eight months after the injury complained of. The thirteenth question is "if wholly disabled at the present time, please give your opinion as to whether the total disability will be permanent or temporary?" He answers, "temporary." It will be noted, however, that this is only his opinion. The next question is, "if total disability will not be permanent, approximate a date when work of any kind may be resumed," and the answer is "four to six months," which doubtless meant four to six months from the date on which this report was made by the attending physician. Plaintiff's evidence further disclosed that his left kidney was tubercular and was removed by an operation on April 18th, 1933; that the right kidney was also tubercular, and that the condition was permanent in that it could only be arrested but not cured.

At the close of the plaintiff's case the defendant moved for a nonsuit on the ground that the statement of the claim submitted by plaintiff was not due proof of total and permanent disability but on the contrary was proof that the plaintiff was only temporarily disabled. The court denied the motion on condition that plaintiff reopen the case and introduce in evidence a letter which was exhibited by plaintiff's attorney during the argument on the motion, written by defendant to plaintiff, referring to plaintiff's claim to total and permanent disability benefits and requesting plaintiff to call at the office of a physician for examination. Accordingly the case was reopened and the letter received in evidence over defendant's objection that it was immaterial and irrelevant.

There was no error in the reopening of the case by the court to permit the introduction of this letter. It was merely an exercise of sound discretion by the court. It is common practice for the presiding judge, where counsel for the plain-

tiff has omitted evidence by accident, inadvertence or even because of a mistake as to the necessity for offering a particular writing or particular evidence, to allow the case to be reopened and additional evidence introduced in order to prevent a nonsuit. 26 *R. C. L.* 1043.

The refusal to grant the motion for a nonsuit was proper because the court was bound to assume as true the evidence which had been presented on behalf of the plaintiff and to give him the benefit of all lawful deductions therefrom. *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392; *Repasky* v. *Novich,* 113 *Id.* 126; *Israel* v. *Travelers Insurance Co.,* 116 *Id.* 154. That evidence, uncontradicted, would justify a finding that the plaintiff was suffering from a permanent disability and the letter from the defendant was both material and relevant in that it might reasonably be construed as an indication that the claim had been accepted as such.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.