JENNIE M. CHRISTINE AND GEORGE CHRISTINE, PLAINTIFFS-APPELLANTS, v. MUTUAL GROCERY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 28, 1937—Decided October 26, 1937.

For the appellants, *Joseph C. Paul.*

For the respondent, *Reginald V. Spell* (*Wilbur H. Stevens,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question requiring decision, in this cause, is whether plaintiffs proved a *prima facie* case of actionable negligence against defendant. Did the learned trial judge err in entering a judgment, based on a directed verdict, in favor of defendant? We think so.

Plaintiff Jennie M. Christine was a pedestrian who, on June 20th, 1935, about four-thirty P. M., fell over a bag of salt lying on the sidewalk in front of premises leased by defendant grocery company and situate at 466 Central avenue, in East Orange, New Jersey. The proofs disclose that she had been shopping; that immediately prior to the accident, she had come from a novelty shop just to the east of defendant's store; that, while walking in front of defendant's premises, she turned her head to look for an approaching bus to take her to her home, and that while so looking, she fell over a one hundred-pound bag of salt which she had not seen before, and which was lying about three or four feet from, and at right angles to, the curb, immediately in

front of defendant's premises. Plaintiff was rather seriously injured and was taken to defendant's store. While she was in the store a Mr. Connolly, the manager thereof, ordered the bag to be taken from the sidewalk. This order was apparently obeyed and the bag was removed. Some months later, in October, 1935, the plaintiff was talking with Mr. Connolly, who, in addition to being the manager of the store was also her neighbor, and the latter said that the accident was "just one of those things and it [bag of salt] had lain there too long." This testimony was admitted over defendant's objection. It was inadmissible. Clearly, it was no part of the *res gestæ,* and there is nothing in the record to indicate that in so speaking Connolly had the authority to bind defendant. *Thompson* v. *Giant Tiger Corp.,* 118 *N. J. L.* 10; 189 *Atl. Rep* 649 *(Court of Errors and Appeals,* 1937). But no point is made on this score. Following evidence as to injuries the plaintiffs rested. Defendant offered no proofs but moved for a directed verdict on the grounds (1) that there was no testimony of a nuisance created or maintained by the defendant, and (2) that there was also no evidence as to any negligence on the part of the defendant. The trial judge granted the motion upon the grounds urged. A judgment of nonsuit was entered—apparently by error. By order of the court, consented to by the respective parties, this judgment was corrected to read "no cause for action." Appeal to this court from the judgment as corrected was then instituted by the plaintiffs. The sole ground argued is that the trial court erred in not submitting the case to the jury.

It is well settled that, in passing upon a motion for a directed verdict, the evidence will not be weighed. All of the evidence which supports the claim of the party against whom the motion is made must be accepted as true, and he is entitled to the benefit of all legitimate inferences which may be drawn therefrom. And where fair minded men might honestly differ as to the conclusions to be drawn from facts. whether controverted or uncontroverted, the question at issue should be submitted to the jury. *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374: *Shields* v. *Yellow Cab,*

*Inc.*, 113 *N. J. L.* 479, 483; 174 *Atl. Rep.* 567; *Israel* v. *Travelers Insurance Co.*, 116 *N. J. L.* 154; 182 *Atl. Rep.* 840. *Cf. Goldin* v. *Universal Indemnity Insurance Co.*, 117 *N. J. L.* 192; 187 *Atl. Rep.* 194 (involving a nonsuit). Did the learned trial judge, by directing a verdict for the defendant under the circumstances here exhibited, violate this principle? We think so.

It is, of course, a firmly imbedded principle in our jurisprudence that any obstruction unnecessarily incommoding or impeding the lawful use of a street by the public is a nuisance for which, upon the happening of an accident as a result thereof, the creator of the nuisance must respond in damages. *Durant* v. *Palmer*, 29 *N. J. L.* 544, 547; *Houston* v. *Traphagen*, 47 *Id.* 23; *Weller* v. *McCormick*, 52 *Id.* 470; 19 *Atl. Rep.* 1101; *Meyers* v. *Birch*, 59 *N. J. L.* 238; 36 *Atl. Rep.* 95; *Sutphen* v. *Hedden*, 67 *N. J. L.* 324; 51 *Atl. Rep.* 721; *Braelow* v. *Klein*, 100 *N. J. L.* 156; 125 *Atl. Rep.* 103; *Handlon* v. *Copestone Temple Association*, 106 *N. J. L.* 362; 150 *Atl. Rep.* 356; *Garvey* v. *Public Service, &c., Transport*, 115 *N. J. L.* 280, 284; 179 *Atl. Rep.* 33; *Hallett* v. *Wm. Eisenberg & Sons, Inc.*, 116 *N. J. L.* 201, 206; 183 *Atl. Rep.* 143; *Wasilewski* v. *McGuire Art Shop*, 117 *N. J. L.* 264, 266; 187 *Atl. Rep.* 530. And, moreover, no one is required to be on constant guard and vigil to find such obstructions. Everyone has the right to rely on the fact that the sidewalk will be free from unnecessary impediments. *Durant* v. *Palmer, supra; Houston* v. *Traphagen, supra. Cf. Mathele* v. *United States Express Co.*, 86 *N. J. L.* 586; 92 *Atl. Rep.* 399 (*Court of Errors and Appeals*); *Nerney* v. *Stanley-Fabian Corp.*, 106 *N. J. L.* 317; 150 *Atl. Rep.* 370 (*Court of Errors and Appeals*). There can be no doubt but that the bag of salt on the sidewalk was an unnecessary obstruction. Defendant urges, however, even assuming this to be so, there was a complete dearth of evidence charging it with any wrongdoing in the premises. True there is no direct evidence. There is evidence, however, that defendant operated a grocery store, and that a one hundred-pound bag of salt lay on the sidewalk in front of that store. Is it not a proper deducible

inference therefrom that the salt, especially in so large a quantity, belonged to the defendant? While the mere presence of the bag of salt is by no means proof of its ownership, yet it might be inferred by reasonable minds that, under all the circumstances, it belonged to those before whose premises it lay. This inference, moreover, is strengthened by the proved fact that defendant's agent caused the bag to be removed immediately after the accident. Here again, though this incident in itself may not be proof of the fact of ownership, nevertheless, reasonable minds might well infer therefrom that defendant had the power to control the bag of salt, and the resultant right to have had it removed at any time.

Assuming this to be so, it is further urged, still another element must be shown—that of notice, actual or constructive, to the defendant of the existence of the obstruction. *Schnatterer* v. *Bamberger & Co.*, 81 *N. J. L.* 558; 79 *Atl. Rep.* 324 *(Court of Errors and Appeals)*; *Bodine* v. *The Goerke Co.*, 102 *N. J. L.* 642; 133 *Atl. Rep.* 295 *(Court of Errors and Appeals)*. Did the defendant have such notice? Here again we think that, under all the circumstances disclosed and all proper inferences to be drawn therefrom, a jury question was present.

Defendant rests heavily on the case of *Healy* v. *Sayre*, 113 *N. J. L.* 308; 174 *Atl. Rep.* 534. That case is without present application for there the evidence was clear that an independent contractor and not the defendant, or his agent, created the nuisance. In the case at bar it is inferable that defendant or its agent and not an independent contractor was the creator. *Cf. Savarese* v. *Fleckenstein*, 111 *N. J. L.* 574; 168 *Atl. Rep.* 450; *affirmed*, 114 *N. J. L.* 275; 176 *Atl. Rep.* 332.

Nor is the case of *Bader* v. *Great Atlantic and Pacific Tea Co.*, 112 *N. J. L.* 241; 169 *Atl. Rep.* 687, applicable. In that case defendant offered proof which conclusively rebutted not only the inferences but also direct evidence concerning lack of due care. No such proofs were offered by defendant in this case, and the injury here is based both on the presence of a nuisance and the lack of due care, but not wholly upon

the latter. *Cf. Coyne* v. *Mutual Grocery Co., Inc.,* 116 *N. J. L.* 36; 181 *Atl. Rep.* 314 (Supreme Court).

Thus we conclude, on the record before us, that plaintiffs did prove a *prima facie* case of actionable negligence against defendant, and that it was, therefore, error to direct a verdict.

Judgment is reversed, and a *venire de novo* awarded.

DONGES, J. (Dissenting.) My vote to affirm is based upon the conclusion that there is a failure of proof of defendant's liability under the admitted law of this state.

In *Healy* v. *Sayre,* 113 *N. J. L.* 308, this court said:

"Plaintiff seeks to deduce from the cases a rule, upon which she rests, that where a public nuisance exists the owner of a premises is liable for injuries sustained unless he can show that the nuisance was created without any participation by him and that he had no right to enter and abate it. Such a rule, applied to a state of facts comparable to those before us, would make the existence of a nuisance upon a public highway *prima facie* chargeable against an abutting owner unless he disproved by each of two requirements, one that he did not participate in the creation and the other that he had no right to enter upon the highway and abate. \* \* \* We have already found that under established rules the defendants did not create. We conclude further that where a public nuisance consists of the continued presence of foreign materials upon a public sidewalk, part of the highway, an abutting owner not responsible for the creation of the nuisance and without actual knowledge either in himself or his agents of its existence is not rendered liable by the mere fact that he, as such abutting owner, could have entered upon the sidewalk and abated the nuisance had he knowledge of its existence."

The majority opinion does not question the soundness of the statement of law in Healy *v.* Sayre, but deems it inapplicable because in that case it appeared that the donee of the property to be removed was charged with the duty of removal as an independent contractor. It is further asserted that, in the instant case, it is inferable that defendant or its agents was the creator of the nuisance. Upon this point, ·I am

obliged to differ with the majority. There is not a word of testimony which suggests that defendant or its agent placed the bag of salt on the sidewalk; nor is there a word of testimony that defendant or its agents knew of its presence until the plaintiff had fallen over it. Even if it be assumed that it was intended to be delivered to defendant's store, this fact would not render defendant liable for its presence on the sidewalk. If the law be expanded to render defendant liable for injuries to one falling over it after knowledge of its presence, in this case there is no testimony of such knowledge. Removal of a nuisance does not render the one removing it liable for its creation. Nor does the statement of the manager, made months later, that "it had lain there too long" suggest either its creation by defendant or knowledge of its existence before the injury occurred. Clearly, the owner had a right, without assuming liability for its creation or continuance, to remove it, and after-acquired knowledge of its existence would not impose such liability. To hold that a *prima facie* case was made out in this case, is to require a defendant to exculpate itself upon a mere showing that a nuisance existed on the sidewalk, and because it might be inferred that the property on the sidewalk might be intended for delivery to it. Admittedly, there is no such duty imposed upon an abutting owner or occupant.

Mr. Justices Parker, Lloyd and Case and Judge Wells have authorized me to state that they concur in the views above expressed.

*For affirmance*—PARKER, LLOYD, CASE, DONGES, WELLS. JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BODINE, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9.