HATTIE BLUMENFELD ET AL., APPELLANTS, v. HUDSON AND MANHATTAN RAILROAD COMPANY, RESPONDENT.

Argued June 21, 1916—Decided November 20, 1916.

In an action for damages against a railroad company for injuries sustained by the plaintiff because of the agent of the defendant closing the entrance doors of its train before the plaintiff was fully within the train, a charge by the trial court to the jury that "the duty of the defendant company through its agents and servants was and is to use reasonable care for the safety of its passengers upon its station platform and as they enter and leave their cars" is not, *per se*, erroneous; an objection to such charge does not raise the question whether or not the plaintiff was entitled to have the jury instructed that under the circumstances reasonable care was a high degree of care.

---

On appeal from the Hudson Circuit Court.

For the appellants, *Warren Dixon.*

For the respondent, *Collins & Corbin.*

The opinion of the court was delivered by

GARRISON, J.   In an action for damages for personal injuries the defendant had the verdict and judgment.

The negligence charged was as follows: "Said plaintiff, Hattie Blumenfeld, proceeded to enter the door of said second train for the purpose of such transportation in the usual manner provided by said defendant, and while in the act of entering the same, and while partially through the said doorway, and partially upon said car, the guard and agent of said defendant suddenly closed, or caused to be closed, the said door, and in closing same struck the said door against the body of the said plaintiff, Hattie Blumenfeld, and caught and squeezed her in said doorway, and caused the said door to strike plaintiff, Hattie Blumenfeld, on the abdomen and side."

The plaintiffs appealed and the sole ground for reversal argued by their counsel is thus stated in his brief: "The court erred in charging the jury that 'the duty of the defendant company through its agents and servants, was and is to use reasonable care for the safety of its passengers upon its station platforms and as they enter and leave their cars.'"

There was no error in the legal proposition thus charged. Reasonable care is the proper description and designation of the duty that is imposed by law under certain conditions; it covers the entire range of such duty. Whether under the circumstances of a given case the degree of care that is reasonable be high or low it is imposed by law solely upon the ground that it is reasonable, *e. g.*, in the storing of dynamite near human habitations the care that is reasonable is of the very highest degree, while in the dumping of sand on a vacant lot the care that is reasonable is by comparison of the very lowest degree, and yet equally and in either case the care appropriate to the danger is imposed by law upon the ground that it is reasonable. *Gellatly* v. *Central Railroad Co.,* 86 *N. J. L.* 416.

The language, therefore, of the charge was a correct statement of the law. It does not follow that the plaintiff below may not have been entitled by a proper request to have the jury instructed that in the case before it reasonable care was

a high degree of care. It may be that the denial of such a request would have been error.

That question, however, is not before us; there was no such denial and there was no such request. The objection was to what the court had charged, but this was not erroneous. In noting this objection counsel said: "I desire to note an objection to so much of your honor's charge as stated the duty of the defendant toward the plaintiff, in that your honor charged that the duty was to use reasonable care, whereas my contention is that if that be the duty, such duty is a high degree of care." This merely states the ground of objection to the charge, which has been considered and determined to be without merit.

The judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—None.