JULIUS GOLDBERG v. NEW YORK TELEPHONE COMPANY.

Submitted March 20, 1924—Decided May 29, 1924.

**Negligence—Excavation in Street—Degree of Care Necessary to Properly Protect Travelers.**

On appeal from the New Brunswick District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Smith & Slingerland.*

For the respondent, *Raymond E. Taylor.*

PER CURIAM.

This action was brought in the District Court of the city of New Brunswick to recover damages for injuries to plaintiff's automobile truck, occasioned by its falling into an ex-

cavation in the street made by the defendants. The accident occurred at night, on August 17th, 1923. After hearing the evidence the court rendered its verdict for the plaintiffs. It was proven at the trial that the defendant had excavated a trench in George street at the corner of Albany street, in the city of New Brunswick. On George street there is a double-track railway laid. The street runs east and west, according to the proofs in the case, and intersects Albany street at right angles. The excavation extended from the westerly track on George street to a point near the curb, where there was a pile of sand. Over the trench the defendant had placed heavy planking, and on the planking some dirt or sand had accumulated. Some of the testimony indicated that to persons using the highway the crossing was intended for vehicles to cross over the ditch. There were lanterns on each side of the roadway. There was also testimony that there was a light placed in the tracks leaving nine feet of the planking open. The plaintiff's truck was proceeding west on George street and was in the act of turning to the right into Albany street. It had successfully passed the trench with the exception of the right rear wheel. This wheel broke through the planking and dropped into the ditch. There was some testimony that this portion of the truck was damaged and that this damage was observable immediately after the collision. Later, in using the truck, it was discovered that the wheel was so badly damaged as to be unfit for its purpose and had to be replaced by another. This, with some minor damages to the rear portion of the chassis, were the basis of the recovery.

It is first alleged that the court erred in holding that it was necessary for the defendant to exercise a high degree of care in safeguarding the excavation. Also, that it erred in holding that the defendant did not exercise the proper degree of care necessary to properly safeguard the excavation.

The trial court, in its conclusion, states: "That there was some care exercised by the defendant cannot be denied, but I do not think that there was that high degree of care which

is required in the guarding of an excavation in the public street and the warning of travelers with respect to it."

We think it doubtful if the language of the court is to be construed as holding that it was necessary for the defendant to exercise the technical high degree of care as illustrated in the case of carriers of passengers. Rather, the word "high" was used in a relative sense. Different conditions require the exercise of different degrees of care and caution. It was with reference to these that the judge was speaking when he said that he failed to find that the defendant exercised the high degree of care required. Assuming, however, that a more specific meaning was intended, we think it was not error. Reasonable care is the standard exacted of all persons where the duty to exercise care for the safety of others arises. That care may be of lesser or greater degree according to the circumstances and conditions to which it applies, and a high degree of care denotes no more than the degree of care commensurate with the risk of danger, where the danger is great. *Insurance Co.* v. *Railroad Co.*, 92 *N. J. L.* 467. That an opening in a much-traveled highway is a highly dangerous condition will not be denied, and that care to protect the public use is accordingly great would seem to be obvious. That this care was of a high degree finds support in the cases of *Schroeder* v. *Public Service Railway Co.*, 118 *Atl. Rep.* 337. and *Fox* v. *Wharton*, 64 *N. J. L.* 453.

The second ground of complaint is that the trial court erred in holding that the chauffeur of the plaintiff was free from contributory negligence. The case was heard without a jury and the court was the judge of the facts. Its finding that the plaintiff's chauffeur was without negligence is justified by the proofs. The appearance of the planking, the absence of barriers or lights sufficiently near to be a protection, presented a situation where the driver might well have assumed that the passage was left open for public travel. We find no error here.

The third and last point is that the accident was not the proximate cause of the damage to the automobile. There was evidence tending to show immediate damage, and that

this was taken care of by the mechanic who was called upon at the time. Later defects developed in the wheel, which the judge, sitting as a jury, was justified in finding were due to the accident that had happened. In this situation it was not error to find that the truck was damaged, and that as a direct result of the accident.

The judgment of the District Court will be affirmed.