EMILY STARK, APPELLANT, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, RESPONDENT.

Submitted February 12, 1926—Decided May 17, 1926.

1. A store keeper owes to one entering his place of business for the purpose of making purchases, the duty of exercising reasonable care to keep the floors of the store in such condition that with the exercise of reasonable care on the part of the customer they will be reasonably safe.
2. Where a customer is injured through a fall caused by a deterioration in or disrepair of the floor, the nature and character of the disrepair or deterioration may be such as to present a jury question as to whether the condition had existed for such period of time as to give to the party chargeable with the care and maintenance of the premises reasonable time and opportunity to inspect and repair, if necessary.

3. The case under review distinguished from *Schnatterer* v. *Bamberger*, 81 *N. J. L.* 558; *Rom* v. *Huber*, 93 *Id.* 360, and *Maphet* v. *Hudson and Manhattan Railroad Co.*, 98 *Id.* 369.

On appeal from the Supreme Court.

For the appellant, *Joseph J. Weinberger*.

For the respondent, *John B. Brown*.

The opinion of the court was delivered by

CAMPBELL, J. On April 10th, 1923, appellant entered the store of respondent at 232 Paterson avenue, East Rutherford, for the purpose of making purchases, and was injured by a fall which she alleges was caused by a condition of disrepair existing in the flooring of the store. She brought suit against the respondent and a trial of the cause resulted in a judgment in favor of the respondent upon a verdict directed by the trial court. From such judgment this appeal is taken and the single ground for reversal is that it was error for the trial court to direct the verdict.

The appellant testified that in the flooring of the store there was a "rotten" board, and that a splinter from it caught her foot and caused her to fall.

Appellant's daughter testified that subsequent to the injury to her mother she visited the store of respondent and found that the board was "rotten," and that a splinter about eighteen inches in length had come from it leaving a hole or depression in the floor "big enough for her shoe." That such hole was about eighteen inches long and "about an inch and a half deep, and then it tapered off."

Appellant also testified: "It was a long board and it was all coming up, splinters and splinters and splinters."

This condition of the flooring was denied by respondent's witnesses, and there was testimony that the floor was in good condition and that the respondent, through its agents and servants, had no knowledge of any defect therein.

The trial court directed the verdict upon the ground that there was no proof that the respondent had knowledge of any

defective condition and that if there was proof that it had such knowledge then there was no proof that it had such knowledge for such length of time before the happening as to afford it a reasonable opportunity to make repairs.

We think the trial court erred and the question should have been submitted to the jury.

The duty of respondent toward the appellant was to exercise reasonable care to keep the floor of its store, to which it invited appellant, in such condition of repair that it would be reasonably safe for her, in the exercise of reasonable care upon her part, to be upon and about such premises or such parts thereof to which the invitation extended. Such rule is too well established to require any citation of authority. It was not enough for appellant to show that she had been injured and what the particular thing was that caused her injury, but as this court said in *Schnatterer* v. *Bamberger,* 81 *N. J. L.* 558, she must also show that the defect or condition of disrepair had either been brought to the previous notice of respondent, or failing in proof of such actual notice, that the defect or disrepair had existed for such space of time before the occurrence as to afford the respondent a sufficient opportunity, in the exercise of reasonable care upon its part, to make proper inspection and repairs.

We think it must be conceded that in certain cases mere proof of a defective condition of the premises at the time of the happening is not sufficient to satisfy the foregoing requirement and make the question of knowledge and notice one for the jury to determine.

Cases of that character are typified by *Schnatterer* v. *Bamberger, supra,* where the fall was caused by tripping over a loosened metal nosing on the step of a staircase in a department store. *Rom* v. *Huber,* 93 *N. J. L.* 360, where the injury was caused by a fall from slipping on a piece of soap in the steam room of a Turkish bath, and *Maphet* v. *Hudson and Manhattan Railroad Co.,* 98 *Id.* 369, where the injury was caused by slipping upon an electric fuse upon a station platform.

But it is equally certain that there are conditions of disrepair and deterioration causing injury which, from their

very nature and character, cannot come into existence co-incident with the happening, but must, by more or less slow and gradual processes covering appreciable periods of time, have grown from a condition of reasonable safety to one not safe as measured by the rule of reasonable care. Such cases would present a question for jury determination as to whether or not the condition had existed for such period of time as to give to the party chargeable with the care and maintenance reasonable time and opportunity to inspect and repair, if necessary.

We think the proofs before us present a case of that char-acter and that it was for the jury to determine what the con-dition of the floor was and if it was not in a reasonably safe condition, then, whether, from the facts, condition and state of disrepair, that condition had existed for such space of time prior to the happening complained of as to charge respondent with notice of such condition and afford it a reasonable op-portunity to make repairs.

The judgment below is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, MCGLEN-NON, KAYS, HETFIELD, JJ.    11.