MARY ELLIS, PLAINTIFF-RESPONDENT, v. ARTHUR RO-SENBERG AND IRVING ROSOFSKY, TRADING AS ROSENBERG BROS., AND ARTHUR ROSENBERG AND IRVING ROSOFSKY, TRADING AS KING ARTHUR FOOD MARKET, DEFENDANTS-APPELLANTS.

Argued October 7, 1936—Decided December 22, 1936.

Before Brogan, Chief Justice, and Justices Case and Perskie.

For the plaintiff-respondent, *Sher & Sher* (*Sydney Sher*).

For the defendants-appellants, *Gerald McLaughlin, Paul J. Christiansen* and *McCarter & English*.

The opinion of the court was delivered by

Case, J.   The appeal is by the defendants from a judgment for the plaintiff given by a jury in the Bergen Pleas in a suit for personal injuries caused by a fall in the defendant's store. There was testimony which, in itself and in the legitimate inferences to be drawn therefrom, would sustain a factual finding that the plaintiff was a customer on the premises for the purpose of, and was in the act of, purchasing goods, and that while inspecting certain foods products she made a step and fell, to her injury; that the floor was in a defective condition and that that condition was caused by wear over a considerable period of time—a sufficiently long

time for the defendants, in the exercise of reasonable care, to have observed and remedied the defect; that a part of the defective condition was a small hole or depression in the floor; and that the cause of plaintiff's fall was that the heel of her shoe sank into that hole and threw her.

The appellants present three points for reversal, the first of which is that the court erred in refusing to grant the motion for a nonsuit, and the second of which is that the court erred in refusing to grant the motion for a direction of verdict in favor of the defendants and against the plaintiff. These points may be considered together.

The duty owed by the defendants to the plaintiff has been stated by our Court of Errors and Appeals thus: "The duty * * * was to exercise reasonable care to keep the floor of its store, to which it invited appellant, in such condition of repair that it would be reasonably safe for her, in the exercise of reasonable care upon her part, to be upon and about such premises or such parts thereof to which the invitation extended." *Stark* v. *Great Atlantic and Pacific Tea Co.,* 102 *N. J. L.* 694; 133 *Atl. Rep.* 172. The jury could have found, and evidently did find, that the defects in the floor were such that they could not have come into existence coincident with the happening but must, by more or less slow and gradual processes covering appreciable periods of time, have grown from a condition of safety to one not safe, as measured by the rule of reasonable care. There was, therefore, presented a question for jury determination as to whether or not the condition existed for such a period of time as to give to the party chargeable with the care and maintenance reasonable time and opportunity to inspect and repair if necessary. *Stark* v. *Great Atlantic and Pacific Tea Co., supra.*

Appellants' third point is that the court erred in admitting certain photographs in evidence. Appellants make much of their assertion that the photographs were taken almost two years after the accident. But that assertion is not proved and should not be made in the absence of proof. The only objection stated to the trial court why the photographs should not be admitted was that the date of the taking of the pictures had not been proved. It was in evidence that the photographs

truly represented the condition of the floor in the defendants' store at the time of plaintiff's accident. The rule ordinarily applicable is that a photograph is admissible if it is a true representation of the condition in question. *Sidway* v. *Greater Atlantic Finance and Mortgage Co.,* 12 *N. J. Mis. R.* 83; 169 *Atl. Rep.* 531. If the defendants considered that there were special circumstances, whether by way of the date of the taking of the pictures or otherwise, that should be shown, it was within their province to cross-examine upon the photographs before their admission. That the defendants did not do. The admission of the photographs was therefore without error. At best such offers are addressed to the sound discretion of the trial judge, and in the absence of clear proof that the discretion has been improperly exercised, his rulings thereon will not be disturbed. *Braelow* v. *Klein,* 100 *N. J. L.* 156; 125 *Atl. Rep.* 103.

The judgment will be affirmed.