LILLIAN GRIFFIN, PLAINTIFF-RESPONDENT, v. JULIUS DE GEETER, INDIVIDUALLY AND DOING BUSINESS UNDER THE NAME OF PARAMUS SKATING RINK, DEFENDANT-APPELLANT.

Submitted October 17, 1944—Decided January 4, 1945.

For the plaintiff-respondent, *Charles J. Tyne*.

For the defendant-appellant, *Wilbur A. Stevens*.

The opinion of the court was delivered by

PORTER, J. The defendant appeals from a judgment obtained by the plaintiff for personal injuries suffered by her in falling to the floor in a roller skating rink, occasioned, she alleges, by the negligence of the defendant in not using ordinary care in the conduct of the rink. Motions for nonsuit and direction of verdict for the defendant were denied, and these rulings are the grounds urged for reversal. Contributory negligence was argued below but is abandoned here.

The defendant operates a roller skating rink to which the public is admitted upon the payment of an admission fee.

The rink is oval in shape; around it is a railing with several openings which lead to a passageway encircling the rink and through which the patrons enter and leave the skating floor. On the evening of January 8th, 1941, plaintiff was a patron or guest of the defendant and, together with between 400 to 500 others, was skating at the rink. There were four guards employed by the defendant whose duty it was to skate among the patrons and protect them from unruly skaters, and to clear the floor periodically, upon the ringing of a bell as a signal therefor. In clearing the floor, the guards skated with outstretched arms and thus herded the guest skaters to and through the various passageways to the outer space beyond the skating floor. On the night in question, while the floor was being cleared in this manner (which was accomplished in less than one minute) the plaintiff skated to the exit nearest her when the bell rang. It was too crowded for her entry, so she skated to the one next to it. That too was crowded; and as she slowly came to the edge of the crowd, a guard, she says, skated rapidly toward her with outstretched arms, causing her to turn directly into the crowd, throwing her off balance. She stumbled, hit someone's skates, fell and suffered a fractured wrist.

The law is well settled that one who invites persons to come upon his premises is under a duty to exercise ordinary care to render the premises reasonably safe for such purpose. *Phillips* v. *Library Co.,* 55 *N. J. L.* 307. This rule has been followed in cases where invitees have been injured in moving picture theatres and other places of amusement. Compare *Demarest* v. *Palisades Realty and Amusement Co.,* 101 *N. J. L.* 66; *Lancaster* v. *Highlands Finance Corp.,* 117 *Id.* 476; *Lipton* v. *Dreamland Park Co.,* 121 *Id.* 554; *Zappala* v. *Stanley Company of America,* 124 *Id.* 569; *Friel* v. *Wildwood Ocean Pier Corp.,* 129 *Id.* 376.

It is also well settled that patrons of places of amusement assume the risks of ordinary dangers normally attendant thereon, and such risks are accepted as incident to the enjoyment of the service which they afford. Typical cases are: *Thurber* v. *Skouras Theatres Corp.,* 112 *N. J. L.* 385; *Gardner* v. *Mitchell,* 107 *Id.* 311; *Young* v. *Ross,* 127 *Id.* 211.

We think, however, that the proofs in the instant case distinguish it from this line of cases, because the wrongful act complained of was not a danger normally attendant upon the amusement or sport in which the plaintiff was indulging. Nor was the fall due to any defect in the conditions of the premises but was rather caused by the method used by the employee of the defendant in clearing the floor of the patrons in a manner which, under the proofs, the jury could find was done negligently, in disregard of their safety.

The defendant relies on the contention that the proofs did not raise any question of negligence and that the plaintiff as a matter of law had assumed the risk incident to the service furnished by the defendant. For the reasons stated we conclude that factual questions were raised by the proofs which required the case to be submitted to the jury. There was no error in the rulings complained of.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE, DONGES, PERSKIE, PORTER, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 11.

*For reversal*—THE CHANCELLOR, CASE, COLIE, JJ. 3.