DRAYTON I. HOFFMAN, PROSECUTOR, v. BOROUGH OF NEPTUNE CITY, A MUNICIPAL CORPORATION, RESPONDENT.

Submitted May 4, 1948—Decided August 9, 1948.

Before Justices BODINE and JACOBS.

For the prosecutor, *Ward Kremer.*

For the respondent, *Thomas D. Nary* (*James R. Laird,* of counsel).

The opinion of the court was delivered by

JACOBS, J. This matter is before the court pursuant to a writ of *certiorari* to review the validity of an ordinance of the Borough of Neptune City, last amended on February 23d, 1948.

In 1946, the prosecutor, Drayton I. Hoffman, purchased a five acre tract of land in the Borough of Neptune City on which a trailer camp was being operated. He paid $9,000 for the land and, early in 1947, made additional improvements, which included the erection of a building containing rest rooms, at a cost of $3,200.

Prosecutor charges his trailer tenants $20 per month for occupied trailers and $5 per month for unoccupied trailers. His testimony indicates that he averaged 25 trailers during the summer season of four months, and 18 trailers during the remainder of the year; that his yearly income was approximately $3,800, representing $2,000 received during the summer season and $1,440 for occupied plus $360 for unoccupied trailers during the remainder of the year; and that his necessary annual expenses for operating the trailer camp totaled approximately $1,500, exclusive of any license fee payable to the Borough of Neptune City under its ordinance.

On August 11th, 1947, the respondent, Borough of Neputne City, adopted an ordinance which provided for a monthly fee of $5 payable by the owner or occupant of any trailer on any trailer camp located within the confines of the borough. On October 27th, 1947, this ordinance was amended by an ordinance which eliminated the $5 fee payable by the owner or occupant of the trailer, and provided that the owner or operator of the trailer camp shall pay a license fee of $5 per month for an occupied trailer and $2 per month for an unoccupied trailer. On February 23d, 1948, a further amendatory ordinance was adopted, effective June 1st, 1948, which increased the monthly fee payable by the owner or operator of the trailer camp to $10 per month per trailer, whether occupied or not.

Prosecutor contends that the last mentioned ordinance, which is now in effect, is "unreasonable, oppressive and confiscatory" and is, therefore, invalid under the decisions typi-

fied by *Gurland* v. *Kearny* (*Supreme Court*, 1942), 128 *N. J. L.* 22, and *The Great Atlantic and Pacific Tea Co., Inc.,* v. *Camden* (*Supreme Court*, 1939), 122 *Id.* 47. Assuming that the average number of trailers located at prosecutor's premises remains as heretofore, he would be obliged to pay, under the ordinance effective June 1st, 1948, aggregate annual fees of $2,440. This would be almost two-thirds of his gross revenues and, if added to his regular operating expenses, would result in a deficit. This deficit would, of course, be substantially increased if due consideration is given to the value of prosecutor's investment and his services in conducting the trailer camp.

Respondent, Borough of Neptune City, acknowledges that the primary purpose of its ordinance was for revenue and that in seeking to tax the business of operating trailer camps, it was "charged with the burden of arriving at a tax that was not confiscatory." It contends, however, that the license fee or tax imposed by its ordinance was reasonable and refers to the fact that its municipal operating costs have risen considerably. The evidence does not indicate that the operation of prosecutor's trailer camp has, in any significant sense, contributed to the increased municipal budget; and, in any event, such increased budget could not justify the singling out of the business of operating a trailer camp and the imposition thereon of a confiscatory license fee or tax.

Respondent urges that the prosecutor could pass on the tax or license fee to his patrons. Prosecutor testified that, if he attempted to increase his charges, his patrons would avail themselves of trailer camp facilities in neighboring communities where the municipal fees are substantially lower than that imposed by respondent's ordinance. Furthermore, a license fee or tax that is confiscatory may not be justified upon the possibility, which would presumably be present in every instance, that the taxpayer could, thereafter, attempt to pass it on to patrons. *Cf. Gurland* v. *Kearny, supra,* where the court struck down a municipal ordinance imposing a license fee of $300 for each vehicle used in connection with the peddling of ice cream, saying:

"* * * Here the license fee of $300 for each bicycle used

by prosecutor in connection with his business equals 30% of his gross sales. Neither his business nor any other like legitimate business can long survive such imposts however much the municipality may need revenue. (For a comparison of license fees with relation to gross sales see *Giant Tiger Corp.* v. *Camden,* 122 *N. J. L.* 240; 4 *Atl. Rep.* (2d) 775; *American Grocery Co.* v. *Board of Commissioners of New Brunswick, supra.*) The license fee here ($300) is not only clearly unreasonable, oppressive and confiscatory in comparison with the other license fees imposed as aforesaid but, under the proofs, is patently so in fact without recourse to comparisons. We so hold.

"Subdivision 10 of section 6A of the ordinance is unconstitutional. *Cf. Great A. & P. Tea Co.* v. *Camden,* 122 *N. J. L.* 47; 4 *Atl. Rep.* (2d) 16, which case is also dispositive of the unreported cases of *Great A. & P. Tea Co. et al.* v. *Board of Commissioners of Atlantic City* (Nos. 207, 216, 228, January term, 1939, Supreme Court)."

Applying the above to the facts before us, there can be little doubt that the ordinance, effective June 1st, 1948, was unreasonable, oppressive and confiscatory and must be declared invalid. Such declaration of invalidity may properly be made in this proceeding without awaiting a conviction under the ordinance. *Cf. Gurland* v. *Kearny, supra* (at *p.* 26).

In the light of the foregoing, we find no present occasion to determine whether the ordinances of August 11th, 1947, and October 27th, 1947, are valid or in effect. The prosecutor's attack was mainly directed to the amendatory ordinance of February 23d, 1948, and the issues pertaining to the earlier ordinances were not fully presented in the record. It may well be that upon being advised of the invalidity of the last amendment, the borough will review the matter anew and adopt a new ordinance dealing with the licensing and regulation of trailer camps. Under these circumstances, we should not, at this time, enter into any consideration of the earlier ordinances. *Cf. Seiler* v. *Adams Express Co.* (*Supreme Court,* 1916), 99 *Atl. Rep.* 312, not officially reported.

The ordinance adopted on February 23d, 1948, is set aside.