8 N.J. Super. 153 (1950)
73 A.2d 614
LETTIE SCHUMANN AND JOHN SCHUMANN, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
HORN & HARDART BAKING COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1950.
Decided June 2, 1950.
*156 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Edwin G. Scovel argued the cause for appellants.
Mr. Samuel P. Orlando argued the cause for respondent (Messrs. Orlando, Devine & Tomlin, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiffs appeal from a judgment in favor of the defendant, entered in the Camden County Court.
The complaint alleged that Lettie Schumann sustained personal injuries on July 12, 1946, when glass from the entrance door of defendant's store fell and struck her leg as she was attempting to enter the store to purchase merchandise. It charged the defendant with negligence.
At the close of the plaintiffs' case, the court granted defendant's motion for dismissal because there was "no direct evidence of the fact that the sticking of the door was the proximate cause of the glass falling out which caused the injury" and there was no "direct or logical inference of proof" thereof.
From the proofs, it appeared that the entrance door to defendant's store was made of wood, with a latch on the exterior righthand side. The catch of the door was released *157 by pressing a finger down on the latch. The glass of the door extended from top to bottom and was encased in wooden bevels, both on the outside and on the inside. Lettie Schumann, at about 9:30 A.M. on July 12, 1946, attempted to open the door from the outside by pressing down on the latch with her left hand, because she had a package in her right hand. When it didn't open she shook the latch and pushed the door, but did not touch the glass at any time. In spite of her efforts, the door did not open. She then turned to speak with her sister who accompanied her and, as she turned, three-quarters of the glass from the door fell out, some on the outside and some on the inside of the door. A piece of this falling glass struck her heel and cut it. For over a month before the accident this door had stuck on many occasions when customers tried to open it in order to enter the store. When the door did not open upon depressing the latch and pushing against it with normal force, the customers shook and rattled the door and exerted more than a normal effort in pushing it. On one occasion over a month before the accident the manager, and on at least six occasions during the month a salesgirl or customer, had to open the door from the inside to admit customers who were unable to open the door.
One who invites persons to come upon his premises is under a duty to exercise ordinary care to render the premises reasonably safe for such purpose. Griffin v. De Geeter, 132 N.J.L. 381 (E. & A. 1945). The proprietor of a store is not an insurer, but he is liable (1) for defects of which he knows or (2) defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy. Daddetto v. Barbiera, 4 N.J. Super. 479 (App. Div. 1949); Restatement, Torts, N.J. Annot., § 343 (1940). Where an act is negligent it is not necessary to render it the proximate cause that the person committing it could or might have foreseen the particular consequence or precise form of the injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been foreseen or anticipated that some injury *158 might result. DeMott v. Knowlton, 100 N.J.L. 296 (E. & A. 1924).
On a motion for dismissal, either at the end of the plaintiff's case or after the plaintiff has completed the presentation of his evidence on all matters other than the matter of damages, all of the evidence adduced by the plaintiff, and every legitimate inference which may be drawn therefrom, must be considered in the light most favorable to the plaintiff's claim, and if such evidence or inference of fact will support a verdict for plaintiff, such motion should be denied. Cf. Strutko v. Mann, 124 N.J.L. 183 (E. & A. 1940), Rule 3:41-2.
From the evidence, the jury could find that a defective condition existed; that the defendant had knowledge thereof and reasonable opportunity to remedy it; and that the defendant's failure to remedy the defect constituted negligence which was the proximate cause of the injury sustained by Lettie Schumann. Therefore, we conclude that the court erred in granting the motion to dismiss.
The plaintiffs also contend that the court erred in excluding answers to three questions posed to a witness offered by plaintiffs as an expert witness. This witness, who was not familiar with the specific door involved, was asked these questions:
"Well, what have you to say as to the effect it would have on a glass door if there was testimony that for a period of one to four weeks, that door had stuck and customers over that period of time had rattled the door and exerted more than usual pressure on the side of the door in an effort to make the door open?"
"Mr. Cave, there is testimony that this glass was held in this door by a wooden molding or bevel when this accident happened, and assuming that to be so, what in your opinion would be the effect on that glass, held in that door by that bevel or molding, of customers for a period of one to four weeks using that door, having the door stick, and rattling the door in an effort and exerting more than usual pressure in order to make the door open?"
"Mr. Cave, in your judgment as a glass man, what effect would it have on that door or on a glass door so held by a wooden bevel or molding to have had the door shaken by customers trying to gain entrance and by unusual pressure exerted on the side of the door, as has been the testimony in this case?"
*159 The court ruled that these questions were too general and did not contain sufficient detail to make them proper hypothetical questions. We think the court was correct in so holding. "An expert cannot give an opinion without considering all the data, facts and circumstances pertinent to the inquiry being made." Rempfer v. Deerfield Packing Corp., 4 N.J. 135 (1950). The proffered hypothetical questions failed to describe the door in size, construction, or condition, and the opinion of the witness accordingly would be "so completely lacking in proper foundation as to be worthless and therefore not admissible." Id., at p. 145.
The judgment is reversed and the cause remanded for a new trial.