19 N.J. Super. 339 (1952)
88 A.2d 520
ELLA SIMPSON AND WILLIAM E. SIMPSON, PLAINTIFFS-APPELLANTS,
v.
JOHN DUFFY AND AMERICAN STORES COMPANY, A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1952.
Decided May 12, 1952.
*341 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Milton T. Lasher argued the cause for the appellants.
Mr. Victor C. Hansen argued the cause for the respondents (Messrs. Cox & Walburg, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C.
This is a negligence action. Plaintiffs are husband and wife. The wife sought recovery on account of personal injuries, and the husband joined because of his consequent losses. At the close of the trial, after both sides had completed the submission of proof, the motion of defendants for judgment in their favor was granted. Plaintiffs appeal from the judgment thus entered, contending that the matter should have been submitted to the jury for determination.
Defendant, American Stores Company, operated a self-service supermarket at 744 Anderson Avenue, Cliffside Park, New Jersey, and on the date of the accident in question, the *342 defendant, John Duffy, was its manager. Meat, vegetables and general foodstuffs were offered for sale to the public.
The vegetables were displayed in counter bins located on both sides of an aisle which at the point of the female plaintiff's fall was somewhat over nine feet wide.
On September 25, 1950, at about 10 A.M., the plaintiff, Ella Simpson, came into the store to make some purchases. She took one of the wire pushcarts provided for customers and first went to the meat counter. After giving an order she walked down the aisle of the vegetables. While doing so she observed two employees working there. One was trimming vegetables and the other was carrying them across the aisle and placing them in the display bins. The trimming was being done near a scale on the north side of the aisle and the show bins in which the vegetables were being deposited were on the south side. As she reached a point near the vegetable bins, on the opposite side of and some distance west of the scale, she suddenly slipped and fell. The cause of the fall was unknown to her until after it occurred. After being picked up and seated on a box four or five feet away she could see that it had been caused by "some sort of green vegetable * * *, it was dripping all over"; "some sort of a vegetable leaf"; "a vegetable leaf or some piece of a vegetable of another kind * * *." An employee of the defendant mopped it up.
No evidence was adduced as to the length of time the vegetable matter was on the floor before the accident.
It appeared that the market opened at 8 A.M. Defendants' proof was to the effect that the floor involved was swept at 8:30 to 9 o'clock. At the place where the fall occurred the floor was clean; it was not wet nor did it have any vegetable matter on it.
An employee of the market, who saw the mishap, found on the floor what he described as a fresh piece of gum with a "skid" mark as though "somebody stepped on it."
The testimony disclosed that the fruit and vegetable display bins are empty in the morning at the opening of the *343 store. By about 9 A.M. on this day, according to one of the men who worked at these counters, all the vegetable bins had been refilled. The vegetables were brought in from the back room and placed therein. At the time of the accident, he said, the other employee, who worked in this aisle, was taking bananas out of a box and putting them upon a stand. There was nothing on the floor from this operation.
Between opening time and 10 o'clock about 150 to 200 customers had come into the store. Thirty or 40 of them were served on the scale side of the vegetable and fruit aisle; they bought principally apples, pears and bananas. Fifty to 75 of them made purchases from the self-service vegetable counter.
In this posture of the proofs defendants' motion for judgment was granted on the ground that no negligence had been shown.
It is undisputed that the injured plaintiff was an invitee on the premises of the defendant, American Stores Company. In this situation the duty running from the company to her is as stated in Schumann v. Horn & Hardart Baking Co., 8 N.J. Super. 153 (App. Div. 1950):
"One who invites persons to come upon his premises is under a duty to exercise ordinary care to render the premises reasonably safe for such purpose. Griffin v. De Geeter, 132 N.J.L. 381 (E. & A. 1945). The proprietor of a store is not an insurer, but he is liable (1) for defects of which he knows or (2) defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy. Daddetto v. Barbiero, 4 N.J. Super. 479 (App. Div. 1949); Restatement, Torts, N.J. Annot. sec. 343 (1940)."
Proof of a fall alone would not be adequate to create an inference of negligence or to give rise to the application of the doctrine of res ipsa loquitur (Thompson v. Giant Tiger Corp., 118 N.J.L. 10, 189 A. 649 (E. & A. 1937); Coyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36, 181 A. 314 (Sup. Ct. 1935).
As already indicated, the record is barren of any direct evidence as to the length of time the vegetable leaf had been on the floor before the accident occurred. Likewise no facts *344 were adduced from which an inference could be drawn that it had reposed there for such time as would have permitted the store operator to have discovered and removed it, had the duty of reasonable inspection been fulfilled. Cf. Ellis v. Rosenberg, 15 N.J. Misc. 37, 188 A. 499 (Sup. Ct. 1936); Stark v. The Great Atlantic & Pacific Tea Co., 102 N.J.L. 694, 133 A. 172 (E. & A. 1926); Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29 (Sup. Ct. 1941); Morris v. King Cole Stores, 132 Conn. 489, 45 A.2d 710 (Sup. Ct. Err. 1946); Miscally v. Colonial Stores, 68 Ga. App. 729, 23 S.E.2d 860 (Ct. App. 1943); Moore v. American Stores Co., 169 Md. 541, 182 A. 436 (Ct. App. 1936); Wyman v. McClellan Stores Co., 315 Mass. 117, 51 N.E.2d 969 (Sup. Ct. 1943); Connair v. J.H. Beattie Co., 298 Mass. 550, 11 N.E.2d 499 (Sup. Ct. 1937); Newell v. William Filene's Sons Co., 296 Mass. 489, 6 N.E.2d 820 (Sup. Ct. 1937); State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S.W.2d 99 (Sup. Ct. 1938).
Recognizing the absence of any evidence of constructive notice, appellants argue (1) that the evidence justifies the inference that the foreign matter had been dropped on the floor by an employee of the store, and (2) that since the defendant company operates a self-service vegetable market, thereby creating the hazard of customers dropping or knocking vegetables or their leaves on the floor, proof of the presence thereon of such vegetable matter and a fall resulting therefrom creates an inference of lack of due care.
The solution of the problem must be approached with the realization that the law imposes the burden of proof upon the plaintiffs and that this burden must be sustained by showing circumstances from which the defendants' negligence is a reasonable and legitimate inference. In the discharge of this burden if the plaintiffs produced any facts which justify such an inference when viewed, as they must be, most favorably to their contention, then the case should have been sent to the jury for determination. (Schumann v. Horn & Hardart Baking Co., supra).
*345 Plaintiffs insist that Mrs. Simpson's testimony about seeing one of the store employees trimming vegetables on one side of the aisle and the other taking them across the aisle to the display counters is susceptible legitimately of the inference that one of them dropped the matter which caused her fall. And they claim that such inference may be drawn regardless of the proof that a very substantial number of customers handled and served themselves with vegetables and fruits from the counters on both sides of this aisle over a period of two hours before the accident.
The merit of this argument must be assayed in the light of the principle set forth in Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 84 A.2d 281 (Sup. Ct. 1951). There the court said:
"It is well settled that the existence of a possibility of a defendant's responsibility for a plaintiff's injuries is insufficient to impose liability. `In the absence of direct evidence, it is incumbent upon the plaintiff to prove not only the existence of such possible responsibility, but the existence of such circumstances as would justify the inference that the injury was caused by the wrongful act of the defendant and would exclude the idea that it was due to a cause with which the defendant was unconnected. While proof of certainty is not required, the evidence must be such as to justify an inference of probability as distinguished from the mere possibility of negligence on the part of the defendant.'"
Applying this doctrine, it is plain that to submit the question of whether or not the vegetable matter had been dropped by an employee of the store operator would be to authorize and direct the jury to decide the responsibility of the defendants on the basis of speculation and conjecture. As the Supreme Court of Errors of Connecticut said in Morris v. King Cole Stores, supra, a case on which plaintiffs rely:
"A further claim is that as the stand contained strawberries and lettuce and plaintiff's fall occurred in proximity to it the jury could reasonably infer that the foreign substance [strawberries and lettuce] came from the stand and was dropped on the floor by an employee, in which event the defendants would have notice through the employee. This would be pure speculation, for it may have been brushed off by a customer or dropped by him after he had made a purchase inside the store or at this outside stand." (Insertion ours.)
*346 There is nothing in this record to show that Mrs. Simpson saw defendant's employee, who carried vegetables across the aisle, drop anything. She did not say how many times she saw him cross the aisle or what it was that he carried or whether he deposited it in or near the vegetable bin where she fell. The pictures marked in evidence show vegetable bins running east and west for a considerable distance along both sides of the aisle and containing a good many different kinds of vegetables.
If the very minimum number of customer purchases of vegetables is accepted, namely, 50 to 75, and it is assumed that they were made over the full two-hour business period before the accident, there would have been one purchase every one and three-fifths to two and two-fifths minutes. With the evidence of employee activity and customer activity in mind and no further proof beyond the discovery of the foreign matter on the floor after the fall, it would be sheer speculation to endeavor to decide where the responsibility rested for its presence there.
Oelschlaeger v. Hahne & Co., 2 N.J. 490, 66 A.2d 861 (1949), presented quite a similar problem. There the plaintiff went into defendant's shoe department to buy a pair of slippers. In this department the sales persons sat on stools in front of the customers while they were being fitted. Plaintiff bought her slippers at a counter located about six or seven feet away from the area where the customers and sales persons sat trying on shoes. There were neither customers nor stools near the counter as the plaintiff approached it. Her purchase took only a few minutes; she then turned away from the counter, took a single step, and fell over one of the stools. The trial court dismissed her damage action and on appeal the Supreme Court said:
"In the absence of any direct evidence as to who placed the stool in its dangerous position, we are asked to infer that it was one of the defendant's employees whose negligence in so doing would be attributable to the defendant under the doctrine of respondeat superior. However, from the proofs before us, it is just as reasonable to infer *347 that it was done by one of the several customers who followed Mrs. Oelschlaeger to the show case, as it is to assume that because the stool was a part of the equipment of the store it must have been placed where it was by one of the defendant's employees. `The mere showing of an accident causing the injuries sued for is not alone sufficient to authorize an inference of negligence. Negligence is a fact which must be shown. It will not be presumed.' Church v. Diffany, 124 N.J.L. 100, 104 (E. & A. 1939). We cannot presume it here."
Lewin v. Ohrbach's Inc., 14 N.J. Super. 193 (App. Div. 1951), is analogous. Plaintiff went to defendant's store to help her sister in the purchase of a coat. The store was of the self-service character and the coats were displayed on loose hangers on double racks, and there were many such racks. The area was crowded and many persons were handling the coats. No sales girls appeared to be present. Plaintiff tripped and fell over a hanger which was on the floor. Her subsequent injury action was dismissed and the Appellate Division affirmed, saying:
"There was no proof that any agent, servant or employee of the defendant caused the hanger to be on the floor, no proof that the defendant knew it was there, and no proof that it was there for a sufficient length of time to give the defendant a reasonable opportunity to discover and remedy the condition."
To like effect is the Pennsylvania case of Gorman v. Simon Brahm's Sons, Inc., 298 Pa. 142, 148 A. 40 (Sup. Ct. 1929). There the plaintiff came into defendant's store and started up some vestibule steps leading to the main floor. While doing so she noticed employees of the defendant carrying merchandise, including spinach in open baskets, up the steps to the main floor. She remained in the store for an hour and then started to descend the same vestibule steps. In doing so she stepped on a quantity of spinach, described as a bunch or handful, lying on the tread of the upper step, fell and was injured.
On appeal from a declaration of defendant's non-liability, the Supreme Court approved the language of the trial court:
"Plaintiffs' contention is that there is sufficient evidence from the facts above outlined to justify a finding of constructive notice. It *348 must be taken as true, for the purpose of considering the present motion, that defendant's employees carried spinach in open baskets from the street to the main floor of the store an hour before the plaintiff fell. Plaintiffs urge that a jury could infer from this fact that spinach fell from a basket to the step and remained there until she started to leave the store. The difficulty about this is that the inferences sought to be drawn are not logically deducible from this testimony. First, it is assumed, without evidence to support it, that spinach fell from the basket. Then another inference is drawn, that the spinach remained at the place it fell for an hour. When a fact is established, a jury may draw all reasonable inferences therefrom, but it is clear that a fact may not be inferred without proof, and another inference drawn from the fact thus assumed." (Italics ours.)
For these reasons it must be concluded that legal propriety will not support the claimed inference that the vegetable leaf or matter which produced Mrs. Simpson's mishap, was on the floor through the act of an employee of the American Stores Company.
Appellants argue also that a store proprietor, who operates a self-service vegetable business, must recognize the possibility that customers will drop, or will brush from the counters, leaves and particles of vegetable matter. So they claim he thus creates a greater hazard for members of the buying public than is associated with the ordinary vegetable vending business, which hazard should be assumed by him and not by prospective customers. The text of the contention then seems to be that if vegetable matter appears on the floor as an incident of this hazard and causes injury to an invitee an inference of negligence should follow.
The adoption of such a principle would come very close to making a self-service market operator an insurer and also it would be opposed to the settled pronouncements of our courts that the doctrine of res ipsa loquitur is not applicable to this class of cases. Thompson v. Giant Tiger Corp., supra; Coyne v. Mutual Grocery Co., supra. Our rule that a store keeper owes to his patrons the duty of exercising ordinary or reasonable care for their safety and that the res ipsa loquitur doctrine is inapplicable to a situation like the present one, finds universal support throughout the country. Anno. 100 A.L.R. 705, 162 A.L.R. 949. However, there is no precise measure *349 by which this duty of care can be applied. Perhaps the most specific definition of ordinary or reasonable care is care commensurate with the particular risk involved, or care graduated according to the danger attendant upon the activity pursued. Goldberg v. New York Tel. Co., 2 N.J. Misc. 449 (Sup. Ct. 1924); Blumenfeld v. Hudson & Manhattan Railroad Co., 89 N.J.L. 580, 99 A. 312 (E. & A. 1916); 38 Am. Jur., Negligence, secs. 29, 31, pp. 673, 677. What would constitute such care in a country non-self-service market undoubtedly would not be adequate in a city self-service store through which passes a steady flow of customers who, because of the nature of the operation, were constantly handling the merchandise. What would constitute adequate inspection of the floors in the one case undoubtedly would not satisfy the duty in the other. The presence of a vegetable leaf on the floor for a specified period in the one case might not create a jury question as to whether the duty of due care had been fulfilled, while in the other the obligation to submit the issue to the jury would be manifest. To illustrate: the presence of watermelon rind on the floor of a busy market for 25 to 30 minutes was deemed sufficient to create a jury question as to constructive notice (French v. Gardeners & Farmers Market Co., 275 Ky. 660, 122 S.W.2d 487 (Ct. App. 1938)), the court saying: "the very nature of the business in which appellees were engaged put upon them a higher degree of vigilance in keeping the premises clean and free from slippery rubbish and material than is imposed upon one engaged in a business from the nature of which such perils are not reasonably expected to result." Also, beans on the floor for 15 to 20 minutes before an accident was held to have the same effect in Wheeler v. Deutch, 242 App. Div. 641, 272 N.Y.S. 161 (App. Div. 1934), cited in Ratering v. Mele, 11 N.J. Super. 211, 78 A.2d 105 (App. Div. 1951). But, by way of contrast, no such question was created where a foreign substance was shown to have been on a subway stairway for 25 minutes. Bravado v. Murray, 257 App. Div. 271, 12 N.Y.S.2d 893, affirmed 283 N.Y. 619, 28 N.E.2d 29 (Ct. App. 1940).
*350 The possibility of one customer dropping a vegetable particle while serving himself must be recognized as well as the possibility of a fall thereon by the customer who immediately succeeds him. Adoption of the view advanced by the plaintiffs, on the facts here, would in effect impose an obligation more drastic than the law considers is required by the exigencies of the business.
The judgment in the trial court is affirmed.