Helen BUSCH, Plaintiff-Appellant,

v.

The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., a Corporation, Defendant-Respondent.

No. 32641.

St. Louis Court of Appeals.

Missouri.

April 18, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied May 18, 1967.

Application to Transfer Denied July 10, 1967.

Morris A. Shenker, Frank B. Green, Jr., St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, Parks G. Carpenter, St. Louis, for defendant-respondent.

BRADY, Commissioner.

The determinative issue in this appeal is whether there was a violation of any legal duty defendant owed plaintiff as a proximate result of which violation plaintiff's injury occurred. The trial court held there was no such case presented, sustained defendant's timely after-trial motion for judgment in accordance with its motion for a directed verdict, and set aside the judgment in favor of the plaintiff in the amount of $6,500.00.

It will be of assistance in understanding the factual situation presented by this appeal to have plaintiff's pleading, theory, and manner of submission clearly in mind. The pertinent part of the petition as to the negligence charged reads: " * * * Defendant negligently and carelessly caused and permitted customers to pass and transfer said loose, unpackaged leaf vegetables and other vegetable greens from the display counters across the aisle by hand to the scale in the center of said aisle; * * *." Plaintiff's theory throughout trial and before this court is that by placing a scale in an island across an aisle from open bins where vegetables and other produce were displayed so that customers would have to pass the loose vegetables back and forth between the display case and the scale to weigh them, it subjected itself to a charge of negligence as it could reasonably have expected some scraps to fall on the floor and that a customer might thereby be caus-

ed to slip and fall. It must be emphasized that plaintiff does not base her theory of recovery upon the defendant's failure to remove a piece of vegetable matter from the floor, nor upon any contention the defendant's employees caused the vegetable matter upon which she slipped and fell to be on the floor. (Compare Wood v. Walgreen Drug Stores, Mo.App., 125 S.W.2d 534.) As pled, tried, submitted, and presented to us on appeal, plaintiff contends defendant's act in so placing the scale with reference to the vegetable and produce bins is an act upon which the jury could base her recovery. Plaintiff submitted her case to the jury on a modified version of M.A.I. 17.01 the pertinent parts of which read as follows: "INSTRUCTION NO. 4. Your verdict must be for plaintiff if you believe: First, defendant caused vegetable matter to collect and accumulate on the floor of its fresh produce aisle as a direct result of its customer self-service system, and Second, defendant was thereby negligent, * * *."

Taken in the light required of us upon appeal the evidence in this case is that the defendant operated its store at 1601 South Brentwood Blvd., Brentwood, Missouri, on a customer self-service basis. The produce department consisted of a single aisle which ran three-fourths of the width of the store. Fresh produce was displayed in cases on both sides of the aisle. Certain vegetable items were sold by weight and defendant provided a scale to enable store patrons to inform themselves as to the weight of the produce or vegetable selections. This scale was located on a counter 38 inches high, 30 inches long, 30 inches wide, and located like an "island" halfway down the center of the produce aisle. A customer could reach the scale by walking from any position in the produce department without going through another department. The counter on which the scale sat also contained a supply of paper bags for customer use. Customers using the self-service system in effect in this store could bag their produce or vegetables either before or after weighing them and it was a customary and common occurrence for vegetable scraps to fall from loose vegetables as they were taken by customers from one of the bins and transferred to or from the scale. One of defendant's employees had swept up dirt and fragments of vegetable greens at noon on the day of this occurrence and had done so again about fifteen minutes before the plaintiff was injured. In addition, at least two of the defendant's employees had picked up debris from the floor in the produce department at various other unspecified times during the day prior to this occurrence. There is no other evidence bearing upon defendant's actual or constructive knowledge of this material on the floor or as to the length of time it had been there. With commendable candor plaintiff's counsel concedes there has been no showing of defendant's scienter.

The plaintiff was 62 years of age. She had been a patron of this store on a more or less regular basis for some five or six years. She was aware of the custom as to the weighing of vegetables and produce and she had seen vegetable matter on the floor on other occasions. On the date this incident occurred plaintiff was wearing "loafer" type low-heeled shoes. Plaintiff had completed her selections and was about to reach the checkout counter when she realized that she had forgotten to purchase some potatoes and she went back into the produce aisle. She needed a bag to carry the potatoes to the scale and as she turned to go toward the bags located in the counter holding the scale her right foot slipped out from under her, her right shoe flew up into the air, and she landed on the floor on the right side of her body suffering serious injuries which due to the decision reached herein need not be recited. After she fell and while lying on the floor awaiting the arrival of an ambulance she asked for her right shoe and when it was brought to her held it up and said, "Oh, oh, the bottom of my shoe, there it is." She described what was on her shoe as a "green dirty piece of something" and also stated it was "mashed". At this same time

while she lay on the floor plaintiff saw a scattering of vegetable greens on the floor of the produce aisle.

Plaintiff described customer traffic in the store on this occasion as being very light and except for the produce clerk she had not noticed anyone else in the produce aisle during the time she was shopping for produce. Neither had she seen anyone sweeping the floor during that time. Although plaintiff occasionally glanced downward she did not see the particular vegetable matter which. caused her fall before she slipped on it.

It requires no citation of authority to substantiate that the plaintiff was an invitee on the premises of the defendant who owed her the duty to exercise ordinary care to render the premises reasonably safe for the purposes for which she came. In this same connection it is equally well accepted that the proprietor of a store is not an insurer. He is liable for falls caused by foreign substances on the floor if it was placed there by his servants, in which case the issue of his knowledge is immaterial. He is also liable if the substance is placed on the floor by others or by persons unknown provided it is shown he knows of such condition or that such condition has existed for so long a time that, by the exercise of reasonable care, he had an opportunity both to discover and to remedy it. Those interested in a general review of the rationale of the decisions and the various factual situations presented may refer to the cases collected in 100 A.L.R. 746 and to those found in succeeding note on falls caused by vegetable, fruit or meat upon the floor in 162 A.L.R. at 979. We see no useful purposes that would be served should we engage in such a treatise. This for the reason that almost all of such cases are based upon defendant's alleged negligence in failing to remove a substance from the floor. As previously stated this is a theory which plaintiff in the instant case vehemently disdains. However, there are several cases which deal with the very theory presented by this plaintiff and are of particular value.

An example of the difficulties courts find in determining factual situations such as that presented by the instant case is to be found in the situation in Florida. In Carl's Markets, Inc. v. DeFeo et ux., Fla. 1951, 55 So.2d 182, the plaintiff slipped on a string bean in the aisle and fell. The contention was made that it is unnecessary in such a case to show actual or constructive knowledge of the store owner. The judgment for the plaintiffs in the trial court was reversed upon appeal. In a special concurring opinion there is a colorful discussion of this rule in the light of conditions in the present-day self-service supermarket as contrasted to the old-fashioned family owned grocery store prevalent in that industry when the rule originated. In the case of Pogue v. Great Atlantic & Pacific Tea Company, U.S.C.A. Fifth Circuit, 242 F.2d 575, that discussion is continued and· combined with an exhaustive review of the applicable Florida decisions. The dissent in the Pogue case is equally important.

Plaintiff relies upon Moone v. Kroger Grocery & Baking Co., Mo.App., 148 S.W. 2d 628, a 1941 decision of this court. That case involved a fall resulting from a green bean on the floor. As pointed out in that opinion at l. c. 630, the trial court permitted plaintiff to submit her case upon two theories. The first of these was that Kroger was negligent in placing beans in their display bins in such quantity as to overflow and cause them to fall on the floor. In the instant case the plaintiff included such an allegation in her petition but did not submit upon that theory. Accordingly we will confine our discussion of Moone to the second theory therein submitted. It was identical to that submitted in the instant case; i. e., (as stated in the Moone opinion at [2, 3] l. c. 630) " * * * permitting customers to pass beans and other vegetables from the east counter by hand and across the aisle to the scale on the west side of the aisle. * * *" In Moone v. Kroger Gro-

cery & Baking Co., supra, it was stated that the defendant " * * * could by using ordinary care for the safety of its customers have foreseen that by placing the weighing scale across the aisle from the beans and green vegetables which were to be handled across the aisle and weighed, was creating a place where its customers might slip and fall. * * * " The essence of plaintiff's theory in the instant case and that presented in Moone is to be found from the following quotation from the Moone opinion (148 S.W.2d, 1. c. 631): "This case was pleaded and permitted to go to the jury on the theory that the defendant owed to the public that were invited to trade with them the duty of exercising ordinary care to maintain the premises in a reasonably safe condition and that it failed to do so in that plaintiff's injuries were produced on the storekeeper's premises and the proximate cause thereof was wholly incidental to the nature and maintenance of the business as the defendant conducted it on its own premises." Moone v. Kroger Grocery & Baking Co., supra, further held that in such a situation it was unnecessary for the plaintiff to prove the defendant store owner had actual or constructive knowledge of the vegetable matter on the floor.

■ We are now of the opinion that so much of the Moone case as deals with the theory of negligence based upon the location of the scale should no longer be followed. We reached this decision for several reasons. First, we note the plaintiff in Moone actually did submit the issue of the store owner's knowledge. See that portion of the opinion dealing with the motion for rehearing at 1. c. [6] 632. It follows that the court's comments with reference to the issue of scienter were not necessary to the disposition of that case due to the manner in which it was actually submitted to the jury. Secondly, we are of the opinion that the issue of proximate cause was not fully explored in the opinion in Moone, supra, and further when that issue is examined in the light of the factual situation here presented, defendant's submitted act

of negligence cannot be the proximate cause of plaintiff's injury. As was stated in Clymer v. Tennison, Mo.App., 384 S.W.2d 829, "Prior and remote cause cannot be made basis of action if remote cause did nothing more than furnish condition or give rise to occasion by which injury was made possible and there intervened between that cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, * * * ." Even taking the evidence in the light most favorable to the plaintiff and giving her the benefit of all the inferences as we are required to do, the most that can be said in the instant case is that defendant's self-service store operation and the location of its scale created a condition which made it possible for customers or employees to drop things. But that condition was not the proximate cause of plaintiff's injury. The presence of the greens on the floor was the distinct and efficient cause of the injury. Lastly, as stated in Simpson v. Duffy, 1952, 19 N.J.Super. 339, 88 A.2d 520, 1. c. 525, "The adoption of such a principle would come very close to making a self-service market operator an insurer and also it would be opposed to the settled pronouncements of our courts that the doctrine of *res ipsa loquitur* is not applicable to this class of cases. * * * " With respect to Missouri law as to the applicability of res ipsa loquitur to a situation such as presented here, see Hart v. Emery, Bird, Thayer Dry Goods Co., 233 Mo.App. 312, 118 S.W.2d 509.

The decision reached above renders unnecessary any ruling upon plaintiff's other allegations of prejudicial error. The judgment is affirmed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.